UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Peter Keppard Jr., Trinidad Avila, Alonso Robles, Guillermo Trevino, Humberto Castillo, Hector A. Vallejo, and Hector Vallejo, On Behalf of Themselves and All Others Similarly Situated,<br>    *Plaintiffs*, | ] ] ] ] ] ] ] ] ] ] | CAUSE NO.: 5:15-cv-00625 |
| v. | ] ] | JURY TRIAL DEMANDED |
| C.C. Forbes, LLC and<br>Forbes Energy Services, LTD<br>    *Defendants*, | ] ] ] ] | COLLECTIVE ACTION |

# ORIGINAL COMPLAINT

### SUMMARY

1.  The hourly manual laborers of C.C. Forbes, LLC and Forbes Energy Services, LTD's (collectively "Forbes Energy") coil tubing crews ("coil crews") work long, arduous hours. Forbes Energy, however, does not pay these employees proper overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Rather, Forbes Energy fails to include all of the compensation it pays the hourly manual laborers when calculating their "regular rates" for overtime compensation purposes. Peter Keppard Jr. ("Keppard"), Trinidad Avila ("Avila"), Alonso Robles ("Robles"), Guillermo Trevino ("Trevino"), Humberto Castillo ("Castillo"), Hector A. Vallejo ("H.A. Vallejo"), and Hector Vallejo ("Vallejo") (collectively "Plaintiffs") are former and current employees for Forbes Energy. Plaintiffs bring this collective action seeking to recover the unpaid and/or underpaid overtime wages and other damages they, and Forbes Energy's other similarly-situated hourly employees ("Class Members"), are owed.

## Jurisdiction And Venue

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question arising under the FLSA.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events and omissions giving rise to this claim occurred in this District, including many of the wrongs herein alleged. Defendant does business in this District and some of the violations took place while plaintiffs worked in this District.

## The Parties

4. Keppard is a former employee of Forbes Energy. His consent to participate in this collective action is attached hereto as Exhibit A.

5. Robles is a former employee of Forbes Energy. His consent to participate in this collective action is attached hereto as Exhibit B.

6. Castillo is a former employee of Forbes Energy. His consent to participate in this collective action is attached hereto as Exhibit C.

7. Avila is a current employee of Forbes Energy. His consent to participate in this collective action is attached hereto as Exhibit D.

8. Trevino is a current employee of Forbes Energy. His consent to participate in this collective action is attached hereto as Exhibit E.

9. H.A. Vallejo is a current employee of Forbes Energy. His consent to participate in this collective action is attached hereto as Exhibit F.

10. Vallejo is a current employee of Forbes Energy. His consent to participate in this collective action is attached hereto as Exhibit G.

11. The Class Members are all hourly manual laborers employed by Defendant from July 29,

2012 to the time notice is issued who worked more than 40 hours in at least one workweek.

12. Forbes Energy Services LTD is a Texas limited partnership with its principal place of business in Alice, Jim Wells County, Texas. Forbes Energy may be served with process by serving its registered agent, Capitol Corporate Services, Inc., at 800 Brazos, Suite 400, Austin, TX 78701.

13. C.C. Forbes, LLC is a Delaware Limited Liability Corporation with its principal place of business in Alice, Jim Wells County, Texas. C.C. Forbes, LLC may be served with process by serving its registered agent, Charles C. Forbes Jr., at 4783 S. Business 281, Alice, TX 78333.

14. This Court has personal jurisdiction over Defendant because it has purposefully availed itself of the privilege of conducting business activities in the state of Texas. Defendant has established minimum contacts sufficient to confer jurisdiction over it, and the assumption of jurisdiction over the Defendant will not offend traditional notions of fair play and substantial justice. As such, the exercise of personal jurisdiction over Defendant is consistent with the constitutional requirements of due process.

15. Defendants operate multiple offices in Texas.

16. Defendants employ Texas citizens in numerous capacities.

17. Defendants provide services across Texas.

## THE FACTS

18. Plaintiffs re-allege paragraphs 1-17 as if set out here in their entirety.

19. Forbes Energy is in the oil and gas service business and operates in the Eagle Ford Shale formation in the State of Texas.

20. In each of the past three (3) years, Forbes Energy's gross annual revenues have well exceeded $500,000.00.

21. Forbes Energy employed Plaintiffs as employees in one of Forbes Energy's Coil Crews.

22. Forbes Energy currently operates nine (9) Coil Crews, each Coil Crew consisting of a day shift and a night shift, with approximately ten (10) hourly manual laborers per crew to over both shifts.

23. Plaintiffs typically spent their workweeks operating equipment such as coil tubing units, pump trucks, nitrogen units, tool trailers, and occasionally, cranes.

24. In performing these duties as part of the Coil Crew, Plaintiffs were employees engaged in commerce and/or in the production of goods for commerce and/or who handled goods or materials that had been moved in or produced for commerce within the meaning of the FLSA.

25. Plaintiffs routinely worked in excess of forty (40) hours in a workweek for Forbes Energy.

26. Forbes Energy was well aware of the fact that Plaintiffs routinely worked in excess of forty (40) hours in a workweek.

27. Forbes Energy paid Plaintiffs an hourly rate for his work plus a daily bonus ("Coil Tubing Bonus") for each day that Plaintiffs and their Coil Crews were performing coil tubing operations.

28. Forbes Energy did not pay Plaintiffs at one-and-one-half times their "regular rate" for all of the hours he worked in excess of forty (40) in a workweek.

29. Forbes Energy incorrectly calculated Plaintiffs' "regular rate" by failing to include the earned Coil Tubing Bonuses in the "regular rate" calculation.

30. Forbes Energy also provided Plaintiffs with living quarters, either at "man camps" or by providing Plaintiffs with access to Recreational Vehicle parking sites paid for by Defendants.

31. Forbes Energy incorrectly calculated Plaintiffs' "regular rate" by failing to include the reasonable cost or fair value of the lodging in the "regular rate" calculation.

32. Plaintiff Keppard inquired with management with regard to this owed overtime, and was

terminated shortly thereafter on April 1, 2015.

## COLLECTIVE ACTION ALLEGATIONS

33.     Plaintiffs re-allege paragraphs 1-32 as if set out here in their entirety.

34.     In addition to Plaintiffs, Forbes Energy has employed many other Class Members as hourly manual laborers over the last three (3) years.

35.     These Class Members performed the same or similar job duties for Forbes Energy as Plaintiffs performed such as operating equipment such as coil tubing units, pump trucks, nitrogen units, tool trailers, and occasionally, cranes.

36.     Like Plaintiffs, in performing their duties as hourly manual laborers, Class Members are/were employees engaged in commerce and/or in the production of goods for commerce and/or who handled goods or materials that had been moved in or produced for commerce within the meaning of the FLSA.

37.     Forbes Energy paid Class Members in the same manner for the hours they worked including paying them an hourly rate for their work plus a daily bonus ("Coil Tubing Bonus") for each day that their Coil Crews were performing fracturing operations.

38.     Forbes Energy also provided Class Members with lodging paid for by Defendants.

39.     Forbes Energy did not pay Class Members at one-and-one-half times their "regular rates" for all of the hours they worked in excess of forty (40) in a workweek.

40.     Forbes Energy incorrectly calculated these other Class Members "regular rates" by failing to include the Coil Tubing Bonuses they earned in the "regular rate" calculation.

41.     Forbes Energy incorrectly calculated these other Class Member's "regular rates" by failing to include the reasonable cost or fair value of the lodging in the "regular rate" calculation.

42.     Class members are similarly situated to Plaintiffs in that they all performed manual labor,

were paid hourly, and were victims of the same violations of the FLSA.

43. Defendants' failure to pay overtime at the rates required by the FLSA results from generally applicable policies or practices and does not depend on personal circumstances of individual Class Members.

44. The experience of Plaintiffs, with respect to their employment and pay, is typical of hourly paid manual labors across Defendants' business.

45. The specific job titles or precise job responsibilities of each Class Member does not foreclose collective treatment.

46. The claims of all Class Members arise from common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

47. The names and addresses of the Class Members are available from Defendants' records. To the extent required by law, notice will be provided to these individuals by first class mail, the use of techniques and a form of notice similar to those customarily used in representative actions, or other means conducive to the execution of effective notice.

48. Forbes Energy's other manual laborers should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

> **All current and former hourly paid manual laborers employed by Defendants between July 29, 2012 and the date notice is issued.**

### CAUSES OF ACTION

#### COUNT I
#### VIOLATION OF THE FAIR LABOR STANDARDS ACT
#### FAILURE TO PAY OVERTIME
#### (COLLECTIVE ACTION)

49. Plaintiffs re-allege paragraphs 1-48 as if set out here in their entirety.

50. The FLSA requires employers to pay their hourly employees one-and-one-half times their "regular rates" for hours those employees work in excess of forty (40) in a workweek.

51. Forbes Energy employed Plaintiffs and Class Members within the meaning of the FLSA.

52. Forbes Energy is an employer within the meaning of the FLSA.

53. Plaintiffs and Class Members are or were manual laborers engaged in commerce and/or in the production of goods for commerce and/or handled goods or materials that have been moved in or produced for commerce within the meaning of the FLSA.

54. Forbes Energy is an enterprise engaged in commerce within the meaning of the FLSA.

55. By failing to pay Plaintiffs and Class Members overtime compensation at one-and-one-half times their "regular rates," Forbes Energy violated the FLSA's overtime provisions.

56. Forbes Energy owes Plaintiffs and Class Members the difference between the rates actually paid and the proper overtime rates.

57. Because Forbes Energy knew its pay practices violated the FLSA, or showed reckless disregard for whether its pay practices violated the FLSA, Forbes Energy owe these wages for at least the past three (3) years.

58. Forbes Energy is liable to Plaintiffs and its other Class Members for an amount equal to all unpaid and/or underpaid overtime wages.

59. Forbes Energy is further liable to Plaintiffs and its other Class Members for liquidated damages in an additional amount equal to all unpaid and/or underpaid overtime wages.

60. Plaintiffs and Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**COUNT II**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**RETALIATION**
**(PETER KEPPARD)**

61. Plaintiff Keppard re-alleges paragraphs 1-60 as if set out here in their entirety.

62. Keppard complained to management regarding to overtime that was owed to him.

63. Keppard was terminated shortly thereafter.

64. Section 215(a)(3) of the FLSA protects employees who have made intracompany complaints that are sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection. Keppard's complaint to management met this standard.

65. By terminating Keppard, Defendants unlawfully retaliated against him in violation of the FLSA.

## JURY DEMAND

66. Plaintiffs demand a trial by jury.

## PRAYER

Plaintiffs ask that Defendants be cited to appear and answer, and that the Court:

1. Enter an order allowing this action to proceed as a collective action under the FLSA;

2. Upon final hearing, award Plaintiffs Class Members judgment against Forbes Energy for all unpaid and/or underpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. Upon final hearing, award Plaintiffs and Class Members judgment against Forbes Energy for post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. Award Plaintiffs and Class Members all such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

By: **/S/ Carlos Solis**
 Carlos A. Solis
 csolis@hilley-solis.com
 Texas State Bar No.: 24060636
 Fed I.D. No.: 24060636
 *Attorney-In-Charge for Plaintiffs*
310 S. St. Mary's St.
Suite 2900
San Antonio, Texas 78205
(210) 446-5000– Telephone
(210) 446-5001 – Facsimile