UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PETER KEPPARD, JR., TRINIDAD AVILA, ALONSO ROBLES, GUILLERMO TREVINO, HUMBERTO CASTILLO, HECTOR A VALLEJO, and HECTOR VALLEJO, On Behalf of Themselves and All Others Similarly Situated,<br><br>PLAINTIFFS<br><br>v.<br><br>C. C. FORBES, LLC, FORBES ENERGY SERVICES, LTD, and FORBES ENERGY SERVICES, LLC<br><br>DEFENDANTS | § § § § § § § § § § § § § § § § § § § | CAUSE NO.: 5:15-cv-00625-OLG<br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## **DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(1), (2) and (6)**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Now comes Defendants, C.C. Forbes, LLC, Forbes Energy Services, LTD and Forbes Energy Services, LLC, who move this Court to dismiss Plaintiffs' First Amended Complaint and as reasons therefore states the following:

I.

Plaintiffs filed their First Amended Complaint on September 1, 2015 under the Fair Labor Standards Act in order to recover alleged unpaid overtime.[1]  Defendants' are asking this Court to dismiss Plaintiffs' First Amended Complaint against each one of them as Plaintiffs' Amended Complaint fails to allege sufficient facts to show that Defendants were engaged in interstate commerce within the meaning of the Fair Labor Standards Act.

---

1 Plaintiff Peter Keppard, Jr. is also bringing a retaliation claim as a result of his separation from employment with Defendant, C.C. Forbes, LLC.

– 1 –

II.

As a general rule, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A party against whom claims are asserted may move to dismiss those claims when the non-movant has "failed to state a claim upon which relief can be granted." *Id* at 12(b)(6). In considering a Rule 12(b)(6) Motion to Dismiss, a Court must accept the factual allegations contained in the Complaint as true. *Kiser Aluminum & Chemical Sales, Inc. v. Avondaoe Ship Yards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1992).

A Court should not look beyond the face of the pleadings when determining whether the Plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). In order to survive a Motion to Dismiss, the "Complaint must contain sufficient factual matter, accepted as true, to "state a claim that is plausible on its face."" *Ashcroft v. Iqbal*, 556 U.S. 662, 78, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009). This plausibility standard requires the Plaintiff to plead facts sufficient to allow the Court to "draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal* 556 U.S. at 678.

However, unlike factual allegations, legal conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. at 678. On the contrary, legal conclusions "must be supported by factual allegations." *Id*. In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as fact will not prevent dismissal." *Davila v. Delta Airlines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

III.

Plaintiffs have failed to state a cause of action under the Fair Labor Standards Act (FLSA) and the Court lacks jurisdiction of this matter because Plaintiffs have not shown that they or Defendants were engaged in commerce or that Defendants' are an enterprise engaged in

commerce as defined by the FLSA.

Under the FLSA, any employee "who is engaged in commerce or in the production of goods for commerce, or is employed by an enterprise engaged in commerce or in the production of goods for commerce" must receive time and a half compensation for hours worked in excess of forty (40) hours per week unless an exemption applies. 29 U.S.C. §207(a)(2)(C). The FLSA applies only to individuals or enterprises identified as engaged in "activities constituting interstate commerce, not activities merely affecting commerce." *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006). To properly plead a claim under the FLSA, Plaintiffs must sufficiently allege individual or enterprise coverage, either of which is "enough to invoke FLSA protection." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992).

IV.

Individual Coverage

To sufficiently plead individual coverage under the FLSA, a Plaintiff must allege facts giving rise to a reasonable inference that he or she was engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a); *Morrow v. J.W. Electric, Inc.*, 2011 U.S. Dist. LEXIS 132199 (N.D. Tex. 2011). To determine whether an employee is engaged in commerce, the Fifth Circuit employs a "practical test," asking whether the employee's "work was so directly and vitally related to the functioning or instrumentality or facility of interstate commerce that it has to be, in practical effect, a part of it rather than an isolated activity." *Williams v. Henagan*, 595 F.3d 610, 621 (5th Cir. 2010).

In the case at hand, Plaintiffs allege in their Amended Complaint that: "Plaintiffs and class members are or were manual laborers engaged in commerce and/or in the production of goods for commerce and/or handled goods or materials that have been moved and/or produced for commerce within the meaning of the FLSA." Plaintiffs' Amended Complaint ¶ 55.

Plaintiffs' Amended Complaint also alleges that: "In performing these duties as part of the coil crew, Plaintiffs were employed and engaged in commerce and/or in the production of goods for commerce and/or who handled goods or materials that had been moved and/or produced for commerce within the meaning of the FLSA." ¶ 25. Paragraphs 22 – 24 of Plaintiffs' Amended Complaint state: "Forbes Energy employed Plaintiffs as employees in one of Forbes Energy's coil crews. Forbes Energy currently operates nine (9) coil crews, each coil crew consisting of a day shift and a night shift, with approximately ten (10) hourly manual laborers per crew to over [sic] both shifts. Plaintiffs typically spend their work week operating equipment such as coil tubing units, pump trucks, nitrogen units, tool trailers, and occasionally, cranes." Plaintiffs' Amended Complaint ¶ 22 – 24.

Plaintiffs' Amended Complaint alleges no facts in support of individual coverage under the FLSA except to state that Plaintiffs worked on coil crews operating equipment such as "tubing units, pump trucks, nitrogen units and tool trailers and occasionally cranes." The Amended Complaint simply does not provide enough facts to support a conclusion that, as members of a coil crew, Plaintiffs were engaged in interstate commerce. See e.g. *Mejia, et al v. Brothers Petroleum, LLC*, 2015 U.S. Dist. LEXIS 74339 (E.D. La. 2015) (Second Amended Complaint alleges that Plaintiffs work duties consist of hourly cashiers, cooks and store operators at Defendant's convenience stores. All of these allegations provide generic description of Plaintiff's work, but they do not show how the work engages Plaintiff in interstate commerce." Defendant's Rule 12(b)(6) Motion to Dismiss granted); *Payne v. Universal Recovery, Inc.*, 2011 U.S. Dist. LEXIS 153355 (N.D. Tex. 2011)(while the Complaint and the attached exhibits described the nature of his work, they do not contain any facts showing that he[Plaintiff] was engaged in interstate commerce. Plaintiff has therefore failed to sufficiently

plead individual coverage under the FLSA and Defendant's 12(b)(6) Motion is granted); *Morrow* 2001 U.S. Dist. LEXIS 132199 (Plaintiff's allegation that he provided electrician services to Defendant's clients sufficiently described his work but did not show how that work engaged him in interstate commerce); *Lopez-Santiago v. Coconut Thai Grill*, 2014 U.S. Dist. LEXIS 27028 (N.D. Tex. 2014)(Plaintiffs' allegation that they worked at convenience stores, without more does not give rise to an inference that Plaintiffs were engaged in interstate commerce).

Enterprise Coverage

To sufficiently plead enterprise coverage, Plaintiffs must allege facts giving rise to at least a reasonable inference that Defendants are an "enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §206(a), 207(a). The FLSA defines an "enterprise engaged in commerce" as "an enterprise . . . which has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii). Is an enterprise whose annual gross buying and sales made or business done is not less than $500,000.00." 29 U.S.C. §203(f)(1).

In the case at hand, Plaintiffs' Amended Complaint merely states: "Forbes Energy employed Plaintiffs and class members within the meaning of the FLSA. Forbes Energy is an employer within the meaning of the FLSA. . . . Forbes Energy is an enterprise engaged in commerce within the meaning of the FLSA." Plaintiffs' Amended Complaint ¶ 53, 54, 56.

Plaintiffs' Amended Complaint simply provides no facts to support the allegation that Defendants are engaged in commerce. The Amended Complaint does not state or identify any facts as to how any particular Defendant in this case is engaged in interstate commerce. Plaintiffs' averments are nothing more than a "formulaic recitation" of the FLSA enterprise

coverage standard. See e.g.: *Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 157 L.Ed. 2d 929 (2007); see also *Payne v. Universal Recovery, Inc.*, 2011 U.S. Dist. LEXIS 153355 (Plaintiff's "conclusory allegations that Universal was an enterprise engaged in interstate commerce and . . . regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by the FLSA . . . failed to sufficiently plead enterprise coverage"); *Mejia, et al v. Brothers Petroleum, LLC*, 2015 U.S. Dist. LEXIS 74339 (Plaintiffs make the conclusory allegation that "Defendants were and continued to be engaged in interstate commerce or in the production of goods for commerce throughout the United States . . . this allegation is nothing more than a "formulaic recitation" of the FLSA enterprise coverage standard); *Shorts, et al v. Primeco Auto Towing LLC*, 2014 U.S. Dist. LEXIS 99023 (S.D. Tex. 2014)(Plaintiff's Amended Complaint alleges that "Defendants were individually and jointly an enterprise engaged in interstate commerce or, in the alternative, owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act" . . . as with their allegation of individual coverage, Plaintiffs did not include supplemental facts to bolster the conclusion that their employers were an enterprise engaged in commerce or in the production of goods for commerce under the FLSA and Defendant's Motion to Dismiss is granted); *Santiago v. Gold2Cash, Inc.*, 2014 U.S. Dist. LEXIS 155201 (N.D. Fla. 2014)(dismissing complaint alleging interstate commerce for failure to provide factual support for Plaintiff's allegations as to how Defendant's business was actually engaged in interstate commerce and/or how Plaintiff and Defendants other employees were engaged in interstate commerce).

Plaintiffs' First Amended Complaint fails to provide facts sufficient to show that Plaintiffs are individuals engaged in commerce or in the production of goods for commerce

– 7 –

and/or that Defendants are employers engaged in commerce or in the production of goods for commerce.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request the Court to grant their Motion to Dismiss Pursuant to Rule 12 of the Federal Rules of Civil Procedure and to award Defendant such other and further relief both in law and in equity to which they may be justly entitled.

                Respectfully submitted,

                HOLLAND & HOLLAND, LLC
                North Frost Center
                1250 N.E. Loop 410, Suite 808
                San Antonio, Texas  78209
                Telephone:  (210) 824-8282
                Facsimile:  (210) 824-8585

BY *Michael L. Holland* (signature)
                Michael L. Holland
                State Bar No. 09850750
                mholland@hollandfirm.com
                Inez M. McBride
                State Bar No. 13331700
                imcbride@hollandfirm.com
                Attorneys for Defendants

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing instrument has been properly delivered pursuant to the *Federal Rules of Civil Procedure*, on the **2nd** day of **October**, 2015, to the following counsel of record:

    Carlos A. Solis
    Attorney at Law
    310 S. St. Mary's St., Suite 2900
    San Antonio, Texas 78205

*/s/ Michael L. Holland*
Michael L. Holland
Inez McBride

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PETER KEPPARD, JR., TRINIDAD AVILA, ALONSO ROBLES, GUILLERMO TREVINO, HUMBERTO CASTILLO, HECTOR A VALLEJO, and HECTOR VALLEJO, On Behalf of Themselves and All Others Similarly Situated,<br><br>    PLAINTIFFS<br><br>v.<br><br>C. C. FORBES, LLC, FORBES ENERGY SERVICES, LTD, and FORBES ENERGY SERVICES, LLC<br><br>    DEFENDANTS | § § § § § § § § § § § § § § § § § § | CAUSE NO.: 5:15-cv-00625-OLG<br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(1), (2) and (6)

On this day came on to be considered Defendants, C.C. Forbes, LLC, Forbes Energy Services, LTD and Forbes Energy Services, LLC's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1), (2) and (6). The Court, having considered the motion and response finds that Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted. Therefore, the Court is of the opinion that Defendants' motion is well taken, and should be, in all things, GRANTED. Accordingly, it is hereby:

ORDERED, ADJUDGED AND DECREED that Plaintiffs' First Amended Complaint against Defendants C.C. Forbes, LLC, Forbes Energy Services, LTD and Forbes Energy Services, LLC is hereby dismissed and Plaintiffs shall have and take nothing against Defendants C.C. Forbes, LLC, Forbes Energy Services, LTD and Forbes Energy Services, LLC. All relief

not expressly granted is hereby denied.

     SIGNED AND ENTERED this \_\_\_\_ day of _____, 2015.

_____
UNITED STATES DISTRICT JUDGE