## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Peter Keppard Jr., Trinidad Avila, Alonso Robles, Guillermo Trevino, Humberto Castillo, Hector A. Vallejo, and Hector Vallejo, On Behalf of Themselves and All Others Similarly Situated, | ] ] ] ] ] | CAUSE NO.: 5:15-cv-00625-OLG |
| *Plaintiffs*, | ] ] | |
| v. | ] ] | |
| Forbes Energy Services, LLC Forbes Energy Services, LTD C.C. Forbes, LLC and | ] ] ] ] | JURY TRIAL DEMANDED |
| *Defendant*s. | ] | COLLECTIVE ACTION |

---

## PLAINTIFFS' OPPOSED MOTION FOR CONDITIONAL CERTIFICATION AND FOR NOTICE TO PUTATIVE CLASS MEMBERS

---

**Carlos A. Solis**
 Fed. Id 24060636
State Bar No. 24060636
**Derek B. Hilley**
Fed Id. 24056770
State Bar No. 24056770
**Hilley & Solis Law, PLLC**
310 S. St. Mary's St.
Suite 2900
San Antonio, Texas 78205
Tel: (210) 446-5000
Fax: (210) 446-5001
csolis@hilley-solis.com
dhilley@hilley-solis.com


**ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS MEMBERS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... iii

I.  INTRODUCTION AND SUMMARY OF ARGUMENT ..................................................... 1

II. FACTS ................................................................................................................................. 3

    A.  DEFENDANTS UNIFORM NATIONWIDE OPERATIONS ........................................ 3

        a.  Forbes Energy is one entity with three departments of a single operation ................................ 4

          i.  Forbes Energy Public Offerings ................................................................................. 5

          ii.  Forbes Energy uses same management for all three divisions ............................................ 5

          iii.  All departments reside at Forbes Energy, LTD headquarters ............................................ 6

          iv.  Forbes Energy LTD headquarters all departments ...................................................... 6

          v.  Forbes Energy Website and Branding .......................................................................... 6

    B.  REPRESENTATIVE PLAINTIFF AND THE PUTATIVE CLASS MEMBERS ARE SIMILARLY SITUATED WITH RESPECT TO MANUAL DUTIES, COMPENSATION, AND HOURS WORKED ................................................................................................. 7

III. ISSUE PRESENTED .......................................................................................................... 8

IV. ARGUMENT—REQUEST FOR § 216(b) NOTICE TO POTENTIAL PLAINTIFFS ......... 8

    A.  LEGAL STANDARDS: THE DISTRICT COURT IS AUTHORIZED TO ISSUE NOTICE TO THE PROPOSED PUTATIVE CLASS MEMBERS AND SHOULD DO SO IMMEDIATELY ............................................................................................................. 8

    B.  THE COURT SHOULD USE THE TWO-STAGE *LUSARDI* APPROACH IN ISSUING NOTICE TO POTENTIAL PLAINTIFFS .............................................................. 9

        a.  NOTICE IS APPROPRIATE ON THE FACTS PRESENTED BECAUSE THE PUTATIVE CLASS MEMBERS ARE SIMILARLY SITUATED ............................................................. 13

        b.  THE STATUTE OF LIMITATIONS IS RUNNING ON PUTATIVE CLASS MEMBERS' VALUABLE AND VIABLE CLAIMS ............................................................................. 15

V.  RELIEF SOUGHT ............................................................................................................. 15

    A.  PLAINTIFFS' PROPOSED SCHEDULE AND NOTICE/CONSENT FORM ............ 15

    B.  COURTS ROUTINELY REQUIRE THE PRODUCTION OF NAMES, ADDRESSES, E-MAIL ADDRESSES, AND PHONE NUMBERS FOR THE NOTICE PROCESS ......... 17

    C.  DEFENDANTS ARE PROHIBITED FROM DISCOURAGING EMPLOYEES FROM JOINING THE SUIT ......................................................................................................... 18

VI. CONCLUSION ................................................................................................................... 18

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

*Acevedo v. Allsup's Convenience Stores, Inc.*,
    600 F.3d 516 (5th Cir. 2010) ................................................................................. 10, 12

*Alba v. Madden Bolt Corp.*,
    2002 WL 32639827 (S.D. Tex. June 5, 2002) .......................................................... 12, 18

*Albanil v. Coast 2 Coast, Inc.*,
    2008 WL 4937565 (S.D. Tex. Nov. 17, 2008) ............................................................. 12

*Allen, et al. v. McWane, Inc.*,
    2006 WL 3246531 (E.D.Tex.) .................................................................................... 8

*Atkins v. Gen. Motors. Corp.*,
    701 F.2d 1124 (5th Cir. 1983) .................................................................................... 2

*Barnard et al. v. Intertek USA Inc.*,
    C.A. No. 4:11-cv-02198 (S.D. Tex. May 02, 2012) (ECF No. 99) .......................... 18

*Beall v. Tyler Technologies, Inc.*,
    2009 WL 3064689 (E.D. Tex. Sept. 23, 2009) ........................................................... 17

*Bernal v. Vankar Enterprises, Inc.*,
    2008 WL 791963 (W.D. Tex. Mar. 24, 2008) ............................................................. 11

*Betancourt v. Maxim Healthcare Services, Inc.*,
    2011 WL 1548964 (N.D. Ill. April 21, 2011) ........................................................ 8, 10

*Camp v. The Progressive Corporation, et al.*,
    8 Wage & Hour Cas. 2d 477 (E.D. La. 2002) ........................................................... 8

*Cantu v. Vitol, Inc.*,
    2009 WL 5195918 (S.D. Tex. Dec. 21, 2009) ........................................................... 10

*Coffin v. Blessey Marine Servs., Inc.*,
    2011 WL 1103795 (S.D. Tex. Mar. 23, 2011) ........................................................... 10

*Collazo v. Forefront Educ., Inc.*,
    2010 WL 335327 (N.D. Ill. Jan. 28, 2010) ............................................................... 13

*Craig v. Rite Aid Corporation, et al.*,
    2009 WL 4723286 (M. D. Pa. Dec. 9, 2009) ............................................................. 8

*Criswell v. Higman Marine Inc.*,
    No. G-12- 36 (S.D. Tex. June 12, 2012) .................................................................... 17

*D'Anna v. M/A-Com, Inc.*,
   903 F.Supp. 889 (D. Md.1995) ............................................................................ 8, 9

*Davis v. Westgate Planet Hollywood Las Vegas, LLC*,
   2009 WL 102735 (D. Nev. Jan. 12, 2009) ............................................................ 18

*Dreyer v. Baker Hughes Oilfield Operations, Inc.*,
   2008 WL 5204149 (S.D. Tex. Dec. 11, 2008) ...................................................... 11

*Dybach v. State of Fla. Dept. of Corrections.*,
   942 F.2d 1562 (11th Cir. 1991)....................................................................... 13, 14

*Fisher v. Michigan Bell Telephone Co.*,
   2009 WL 3427048 (E.D. Mich. Oct. 22, 2009)..................................................... 15

*Flores v. Lifeway Foods, Inc.*,
   289 F. Supp. 2d 1042 (N.D. Ill. 2003) ................................................................. 10

*Foraker v. Highpoint Southwest Servs., L.P.*,
   2006 WL 2585047 (S.D. Tex. Sept 7, 2006) ........................................................ 10

*Garner v. G.D. Searle*,
   802 F. Supp. 418 (M.D. Ala. 1991)...................................................................... 11

*Grayson v. K-Mart Corp.*,
   79 F.3d 1086 (11th Cir. 1996)............................................................... 8, 9, 12, 13

*H&R Block, LTD. v. Housden & Beard*,
   186 F.R.D. 399 (E.D. Tex. 1999) ......................................................................... 10

*Hanks, et al v. Big Lots Stores*, *Inc.*,
   CA 5:04-cv-00238-DF (E.D. Tex. August 8, 2005)................................................ 9

*Hoffman-La Roche, Inc. v. Sperling*,
   493 U.S. 165 (1989) ............................................................................ 8, 13, 15, 18

*Jackson v. New York Telephone Co.*,
   163 F.R.D. 429 (S.D.N.Y. 1995)............................................................................ 9

*Johnson, et al. v. TGF Precision Haircutters, Inc.*,
   319 F.Supp.2d 753 (S.D. Tex. 2004) ..................................................................... 9

*Lopez v. Allis-Chalmers Energy Inc.*,
   C.A. No. C-11-353 (S.D. Tex. April 20, 2012)..................................................... 17

*Martinez v. Refinery Terminal Fire Company*,
   C.A. No. C-11-295 (S.D. Tex. Jan. 25, 2012) (ECF No. 54) ................................ 17

*Mielke v. Laidlaw Transit, Inc.*,
   313 F. Supp. 2d 759 (N.D. Ill. 2004) .................................................................... 10

*Mooney v. Aramco Servs. Co.*,
   54 F.3d 1207 (5th Cir. 1995) .................................................................... passim

*Nerland v. Caribou Coffee Co., Inc.*,
   546 F. Supp. 2d 1010 (D. Minn. 2007) .................................................................... 14

*Ortiz v. Rain King, Inc.*,
   2003 WL 23741409 (S.D. Tex. Mar. 10, 2003) ............................................ 9, 12, 18

*Quintanilla v. A & R Demolition, Inc.*,
   2005 WL 2095104 (S.D. Tex. Aug. 30, 2005) ................................................................ 2

*Reyes v. Texas Ezpawn, L.P.*,
   459 F. Supp. 2d 546 (S.D. Tex. 2006) .................................................................... 11

*Riojas v. Seal Produce, Inc.*,
   82 F.R.D. 613 (S.D. Tex. 1979) .................................................................... 13

*Russell v. Illinois Bell Tel. Co.*,
   575 F. Supp. 2d 930 (N.D. Ill. 2008) .................................................................... 10

*Sandoz v. Cingular Wireless, LLC*,
   553 F.3d 913 (5th Cir. 2008) .................................................................... 2

*Shaffner v. Cash Register Sales & Serv. of Houston, Inc.*,
   2006 WL 1007542 (S.D. Tex. Apr. 17, 2006) .................................................................... 14

*Sperling v. Hoffmann-La Roche, Inc.*,
   118 F.R.D. 392 (D. N.J. Jan. 5, 1988) ............................................................ 11, 13

*Switzer v. Wachovia Corp.*,
   2012 WL 1231743 (S.D. Tex. Apr. 12, 2012) .................................................................... 2

*Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*,
   312 U.S. 590 (1944) .................................................................... 2

*Tolentino v. C&J Spec-Rent Services, Inc.*,
   2010 WL 2196261 (S.D. Tex. May 26, 2010) ................................................................ 9, 12

*Tucker v. Labor Leasing, Inc.*,
   872 F. Supp. 941 (M.D. Fla. 1994) .................................................................... 8

*Vargas v. The Richardson Trident Co.*,
   2010 WL 730115 (S.D. Tex. Feb. 22, 2010) .................................................................... 10

*Villatoro v. Kim Son Rest., L.P.*,
  286 F. Supp. 2d 807 (S.D. Tex. 2003)..........................................................................9, 10, 12

*Wittemann v. Wisconsin Bell, Inc.*,
  2010 WL 446033 (W.D. Wis. Feb. 2, 2010) .........................................................................10

## <u>Statutes</u>

29 C.F.R. §791.2 ......................................................................................................................... 5

29 U.S.C. §216(b) ............................................................................................................. 2, 8, 12, 15

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

Peter Keppard Jr., Trinidad Avila, Alonso Robles, Guillermo Trevino, Humberto Castillo, Hector A. Vallejo, and Hector Vallejo, ("Plaintiffs" or "Representative Plaintiffs") filed this lawsuit to recover unpaid overtime wages, liquidated damages, attorney fees, and costs owed to current and former manual laborers employed by Defendants C.C. Forbes, LLC ("C.C. Forbes"), Forbes Energy, LTD  and Forbes Energy, LLC (Forbes Energy LTD and Forbes Energy LLC collectively used herein as "Forbes Energy"), (all three defendants collectively, "Defendants") over the past three years.  Plaintiffs allege that Defendants failed to correctly calculate the Plaintiffs' "regular rate" of pay in the overtime calculation of their wages under the Fair Labor Standards Act ("FLSA").

Pursuant to Section § 216(b) of the FLSA, Plaintiffs (along with all opt-in Plaintiffs) move for conditional certification of their miscalculation claims against Defendants. 29 U.S.C. §216(b).  In particular, Plaintiffs seek conditional certification of a collective action consisting of, and judicially approved notice to, the following group of individuals:

**All current and former hourly paid manual laborers employed by**
**Defendants between July 29, 2012 and the date notice is issued.**

As demonstrated below, conditional certification is more than appropriate because the Putative Class Members are "similarly situated" in terms of their job titles, duties, and compensation.  All of the Putative Class Members have been and continue to be denied overtime pay as a result of a single and widespread corporate policy that uniformly fails to follow the FLSA overtime provisions, regardless of any individualized factor such as experience, age, job duties, or geography.

Further, as shown by the pleadings on file, Plaintiffs' Motion for Certification, and

1

the affidavits and evidence attached herein[1], Defendants paid all Putative Class Members an hourly rate for all hours worked and a "daily bonus."  Defendants also provided lodging to all Putative Class Members. Defendants failed to include these bonuses and the fair market or reasonable value of the lodging in the calculation of Putative Class Members' "regular rate" of pay for purposes of overtime pay.  Because of this illegal compensation scheme, Defendants owe Plaintiffs and all of the Putative Class Members overtime pay for all hours worked in excess of forty (40) hours in a single work week at no less than one and a half times their correct "regular rate" of pay.

Plaintiffs filed this Motion for Conditional Certification and Notice to Putative Class Members because, in an FLSA collective action, the statute of limitations "for an opt-in plaintiff runs from the opt-in date." *Sandoz v. Cingular Wireless, LLC* 553 F.3d 913, 916-17 (5th Cir. 2008) (citing *Atkins v. Gen. Motors. Corp.,* 701 F.2d 1124, 1130 n. 5 (5th Cir. 1983)); s*ee also Switzer v. Wachovia Corp.*, C.A. 4:11-cv-01604, 2012 WL 1231743, *1 (S.D. Tex. Apr. 12, 2012). That is, the "limitations period is not tolled with respect to other potential plaintiffs unless and until they opt-in to the case." *Quintanilla v. A & R Demolition, Inc.,* 2005 WL 2095104, at *16 (S.D. Tex. Aug. 30, 2005).

As demonstrated in more detail below, Plaintiffs have more than met the pre-discovery, lenient standard for conditional certification and notice should be issued to the Putative Class Members immediately in order to promote the broad remedial purposes of the FLSA and to prevent the wasting of viable and valuable claims for unpaid wages. *See Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 312 U.S. 590, 597 (1944) (the FLSA is "remedial and humanitarian in purpose. We are not here dealing with mere chattels

---

[1] Plaintiffs' Motion is supported by the Declaration of Peter Keppard, Jr. ("Keppard Dec.") (Ex. 1); Paycheck stub of Peter Keppard, Jr. (Ex. 1-A); Declaration of Guillermo Trevino ("Trevino Dec.") (Ex. 2); the Declaration of Trinidad Avila ("Avila Dec.") (Ex. 3); and paycheck stub of Trinidad Avila. (Ex. 3-A).

or articles of trade but with the rights of those who toil, of those who sacrifice a full measure of their freedom and talents to the use and profit of others. Those are the rights that Congress has specially legislated to protect. Such a statute must not be interpreted or applied in a narrow, grudging manner.").

Accordingly, Plaintiffs respectfully request that the Court grant this Motion and: (1) conditionally certify this action for purposes of notice and discovery; (2) order that a judicially approved notice be sent to all Putative Class Members; (3) approve the form and content of Plaintiffs' proposed judicial notice and reminder notice; (4) order Defendants C.C. Forbes and Forbes Energy to produce to Plaintiffs' Counsel the contact information, (addresses, e-mail addresses, and telephone numbers) in a usable electronic format for each Putative Class Member; and (5) authorize a sixty (60) day notice period for the Putative Class Members to join this case.

## II.   FACTS

### A.  DEFENDANTS UNIFORM NATIONWIDE OPERATIONS

Defendant Forbes Energy, LTD is a publicly traded company that describes itself as "an independent contractor [that] provides a range of well site services for oil and natural gas drilling and producing companies to develop and enhance the production of oil and natural gas in the United States." *See* Ex. 4.   Forbes Energy believes their services are "fundamental to establishing and maintaining the flow of oil and natural gas throughout the life cycle of [their] customers' wells." *Id.*   Forbes Energy was formed in 2003, with its initial base of operations in Alice, Texas, and has since expanded to include facilities in Laurel, Mississippi, and Indiana, Pennsylvania. *See* Ex. 5 ; *see also* Ex. 6.   Forbes Energy is in the business of providing their customers "a broad range of drilling and production related services to oil and

natural gas companies in Texas, Mississippi, and Pennsylvania." *See* Ex. 7. Forbes Energy provides these services through their three operational divisions in the United States, C.C. Forbes, TX Energy Services, LLC, and Superior Tubing Testers, LLC. *Id.*

Together, Defendants operate as a single enterprise and/or joint employers under the FLSA. 29 C.F.R. §791.2.

**a. Forbes Energy is one entity with three departments of a single operation**

Forbes Energy, LTD is the parent company to Forbes Energy Services, LLC, a holding entity which controls Defendant C. C. Forbes, along with entities TX Energy Services, and Superior Tubing Testers. *See* Ex. 8.



*Id.*

Many of the companies in the Forbes Group started out as entities registered in Bermuda. In 2008, Forbes Energy Services, Bermuda Ltd was formed as a holding company for the

Bermuda companies.  *Id.*  The companies registered as foreign entities in Texas.  *Id.*  In 2011, the companies in the Forbes Group began the transition to become American-based companies, mostly out of Texas and Delaware.  *Id.*

### i.    Forbes Energy Public Offerings

Forbes Energy has made several offerings in the last few years, the debt and repayment of which is guaranteed by the assets of the companies in the Forbes Group.  *See* Ex. 9.  The companies are referred to as "Guarantor Subsidiaries" and are 100% owned by Forbes Energy, LTD:

> The 9% Senior Notes are guaranteed by the current domestic subsidiaries (the "Guarantor Subs") of FES Ltd, which include Forbes Energy Services LLC ("FES LLC"), C.C. Forbes, LLC ("CCF"), TX Energy Services, LLC ("TES"), Superior Tubing Testers, LLC ("STT") and Forbes Energy International, LLC ("FEI LLC"). All of the Guarantor Subs are 100% owned and each guarantees the securities on a full and unconditional and joint and several basis, subject to customary release provisions… *Id.*

In the 2013 Public Information Report filed with the Texas Secretary of State, Forbes Energy L.L.C. lists CC Forbes, Superior Tubing, and TX Energy Services as "subsidiaries," and Forbes Energy L.T.D. as the "parent" company.  *See* Ex. 10.  This organization is detailed by Forbes Energy in their Organization Chart.  *See* Ex. 8.  It is further corroborated by C.C. Forbes' 2013 Public Information Report.  *See* Ex. 11.

### ii.    Forbes Energy uses same management for all three divisions

Forbes Energy largely uses the same management team and/or registered agents for all of its operations.  Namely, John E. Crisp, Charlie C. Forbes, Melvin Cooper, Dale Bossert, Travis Burris, Janet Forbes, and William Sherrill are all involved in the management of C.C. Forbes and the other departments.  *See* Ex. 12; *see also* Ex. 13; s*ee also* Ex. 14.  All of which, with the exception of Melvin Cooper, sit on the board of Directors for Forbes Energy, LTD. *See* Ex. 15 at p. 7.

### iii.     All departments reside at Forbes Energy, LTD headquarters

Forbes Energy LTD lists depreciable assets in the public filings as single purchases and assets for all Departments.  Dispatch Software and Safety Training Software are listed as such assets under the control of Forbes Energy. *See* Ex. 9.

### iv.     Forbes Energy LTD headquarters all departments

Forbes Energy's three departments share addresses in multiple public filings.  All three departments, TX Energy Services, C.C. Forbes, and Superior Tubing Testers, use 3000 S. Hwy 281, Alice, Texas 78332 as their address in various public filings and websites.  *See* Ex. 13; *see* Ex. 11; s*ee also* Ex. 16.  Forbes Energy's 10-Q public filing further supports this shared operation by stating the shared headquarters for all departments reside in Alice, Texas:

> Forbes Energy Services Ltd., or FES Ltd., is an independent oilfield services contractor that provides a wide range of well site services to oil and natural gas drilling and producing companies to help develop and enhance the production of oil and natural gas. These services include fluid hauling, fluid disposal, well maintenance, completion services, workovers and re-completions, plugging and abandonment, and tubing testing. Our operations are concentrated in the major onshore oil and natural gas producing regions of Texas, with additional locations in Mississippi, and in Pennsylvania. We believe that our broad range of services, which extends from initial drilling, through production, to eventual abandonment, is fundamental to establishing and maintaining the flow of oil and natural gas throughout the life cycle of our customers' wells. Our headquarters and executive offices are located at 3000 South Business Highway 281, Alice, Texas 78332.
>
> *See* Ex. 9 at p. 25

### v.     Forbes Energy Website and Branding

Forbes Energy operates a single website for their three departments.  *See* Ex. 4. Moreover, Forbes Energy recruits from this single website for all departments.  *See* Ex. 17.  In fact, job applications for drivers and non-drivers show only the Forbes Energy logo.  *See* Ex. 18 and Ex. 19.  This consistent branding is seen outside of the website.  Forbes Energy provides

uniforms for all employees with the "Forbes Energy" logo.  *See* Ex. 20.  Out on location, Forbes Energy also places its branding on equipment.  *See* Ex. 21.

Importantly, Defendants' employees, and the Putative Class Members at issue in  this case, worked side-by-side on jobsites, carrying out duties with the common goal of obtaining a producing well. *See* Ex. 1 at ¶ 4 ; Ex. 2 at ¶ 5 ; Ex. 3 at ¶ 4 . It is evident that Defendants maintain individual and joint responsibility for compliance with all of the applicable provisions of the FLSA, including those provisions relating to overtime pay, with respect to  the entire employment period(s) for the workweeks at issue in this case.

The Putative Class Members all received a daily bonus for every day they worked on location. *See* Ex. 1 at ¶ 6; Ex. 2 at ¶ 7; Ex. 3 at ¶ 6; *See also* Ex. 1-A; Ex. 3-A.  The Putative Class Members also received or were offered lodging from defendants. *See* Ex. 1 at ¶ 7; Ex. 2 at ¶ 8; Ex. 3 at ¶ 7.

### B.  REPRESENTATIVE PLAINTIFF AND THE PUTATIVE CLASS MEMBERS ARE SIMILARLY SITUATED WITH RESPECT TO MANUAL DUTIES, COMPENSATION, AND HOURS WORKED

Plaintiffs and all of the Putative Class Members worked as manual laborers assisting the operations of drilling and hydraulic fracturing. *See* Ex. 8.  As stated *supra*, Forbes Energy advertises for all Departments its website for positions located throughout the United States.  *See* Ex. 17. Nowhere does Forbes Energy indicate that the job duties, required hours, and/or pay structure for these positions differ based upon the location of the job opening or department.

Indeed, all manual laborers uniformly work in the field for Defendants on oil and gas well sites operating oilfield pumps and various types of machinery.  *See* Ex. 1 at ¶ 2; Ex. 2 at ¶ 2; and Ex. 3 at ¶¶ 2.  While exact job titles and exact duties may differ slightly, the Putative

Class Members' jobs were carried out and compensated in accordance with established policies and procedures. *See* Ex. 1 at ¶ 6; Ex. 2 at ¶ 7; Ex. 3 at ¶ 6.

Importantly, all of the Putative Class Members were subjected to the same or similar pay practices. *See* Ex. 1 at ¶ 6; Ex. 2 at ¶ 5; Ex. 3 at ¶ 4. All of the manual laborers received an hourly rate, plus a "daily bonus" for each day on location. *Id.* Additionally, Plaintiffs and the Putative Class Members all received lodging at "man camps" provided by Defendants. *See* Ex. 1 at ¶ 7; Ex. 2 at ¶ 8; Ex. 3 at ¶ 7. None of the Putative Class Members were ever paid the correct overtime for any hours that they worked over forty (40) hours in a single workweek because Defendants failed to correctly calculate their "regular rate of pay."

As such, Plaintiffs have demonstrated that the proposed Putative Class Members are similar in terms of manual labor duties and compensation and that notice is appropriate under the circumstances.

### III.    ISSUE PRESENTED

The issue herein is whether the Putative Class Members should be notified about the existence of this action so that they can make an informed decision about whether to join this suit and stop the statute of limitations from running on their claims for unpaid overtime compensation. The merits of Plaintiffs' claims or Defendants' common defenses is not before the Court and is not an appropriate inquiry for purposes of conditional certification.

### IV.    ARGUMENT—REQUEST FOR § 216(b) NOTICE TO POTENTIAL PLAINTIFFS

#### A. LEGAL STANDARDS: THE DISTRICT COURT IS AUTHORIZED TO ISSUE NOTICE TO THE PROPOSED PUTATIVE CLASS MEMBERS AND SHOULD DO SO IMMEDIATELY

The FLSA's "collective action" provision allows one or more employees to bring

an action for overtime compensation on "behalf of himself or themselves and other employees similarly situated." 29 U.S.C. §216(b). District courts have broad discretion to allow a party asserting FLSA claims on behalf of others to notify potential Plaintiffs that they may choose to "opt-in" to the suit. *See Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165, 169 (1989). Court- authorized notice protects against "misleading communications" by the parties, resolves the parties' disputes regarding the content of any notice, prevents the proliferation of multiple individual lawsuits, assures joinder of additional parties is accomplished properly and efficiently, and expedites resolution of the dispute. *Id*. at 170-172.

Under Section 216(b), an employee need only show that he is suing his employer for himself and on behalf of other employees "similarly situated." *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213-16 (5th Cir. 1995); *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996), *cert. denied*, 117 S. Ct. 435 (1996); *D'Anna v. M/A-Com, Inc.*, 903 F.Supp. 889, 893 (D. Md.1995). Plaintiff's claims need not be identical to the potential opt-ins, they need only be similar. *Grayson, 79 F.3d* at 1096; *Tucker v. Labor Leasing, Inc.*, 872 F. Supp. 941, 947 (M.D. Fla. 1994); *Betancourt v. Maxim Healthcare Services, Inc.*, CA 10 C 4763, 2011 WL 1548964 (N.D. Ill. April 21, 2011)(certifying a nationwide class of staffing recruiters); *Camp v. The Progressive Corporation, et al.*, 8 Wage & Hour Cas. 2d 477 *11 (E.D. La. 2002)(permitting nationwide notice to various categories of insurance adjusters); *Craig v. Rite Aid Corporation, et al.*, CA 08-CV-2317, 2009 WL 4723286 (M. D. Pa. Dec. 9, 2009)(permitting nationwide notice to current and former assistant store managers); *Allen, et al. v. McWane, Inc.*, C.A. 2:06-cv-158, 2006 WL 3246531 (E.D.Tex.)(Ward, J.)(permitting notice to hourly employees at thirteen different pipe and foundry plants across the country); *Hanks, et al v. Big Lots Stores*, *Inc.,* CA 5:04-cv-00238-DF (E.D. Tex. August 8,

2005)(Folsom, J.)(permitting nationwide notice to furniture department managers).

In fact, Plaintiff needs to only demonstrate "a reasonable basis" for the allegation that a class of similarly situated persons may exist. *Grayson*, 79 F.3d at 1097; *see Jackson v. New York Telephone Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995)(Plaintiffs are similarly situated when they together were alleged victims of a "common policy or scheme or plan that violated the law); *see, e.g., Ortiz v. Rain King, Inc.*, 2003 WL 23741409 (S.D. Tex. Mar. 10, 2003) (one declaration sufficient); *Villatoro v. Kim Son Rest., L.P.,* 286 F. Supp. 2d 807, 810 (S.D. Tex. 2003) (one declaration plus employer documents sufficient). Judge Jack, in granting a class notice, recently held that, "the court need not find uniformity in each and every aspect of employment to determine [that] a class of employees is similarly situated. The remedial nature of the FLSA and §216 militate strongly in favor of allowing cases to proceed collectively." *Tolentino v. C&J Spec-Rent Services, Inc.*, 2010 WL 2196261, at *4 (S.D. Tex. May 26, 2010).

Indeed, the standard for collective action notice is a "lenient" standard. *Mooney*, 54 F.3d at 1213; *D'Anna*, 903 F.Supp. at 889, 894; *see also, Johnson, et al. v. TGF Precision Haircutters, Inc.*, 319 F.Supp.2d 753, 754 (S.D. Tex. 2004) (commenting that the standard applied is a lenient one, usually resulting in "conditional certification" of a representative class to whom notice is set and who receive an opportunity to "opt-in."). The standard is considerably "less stringent than the proof required pursuant to Fed. R. Civ. P. 20(a) for joinder or Fed. R. Civ. P. 23 for class certification." *Grayson*, 79 F.3d at 1096.

**B. THE COURT SHOULD USE THE TWO-STAGE *LUSARDI* APPROACH IN ISSUING NOTICE TO POTENTIAL PLAINTIFFS**

Courts in this and other districts apply a two-step approach to determine whether plaintiffs are "similarly situated" to the potential plaintiffs. *Coffin v. Blessey Marine Servs.,*

*Inc.,* C.A. 4:11-cv-00214, 2011 WL 1103795, at *3 (S.D. Tex. Mar. 23, 2011); *Betancourt,* 2011 WL1548964, at *4-5; *Russell v. Illinois Bell Tel. Co*., 575 F. Supp. 2d 930, 933 (N.D. Ill. 2008). Under the *Lusardi* approach, the court "determines whether the putative class members' claims are sufficiently similar" to authorize notice to potential class members. *Acevedo v. Allsup's Convenience Stores, Inc*., 600 F.3d 516, 519 (5th Cir. 2010) (citing *Mooney*, 54 F.3d 1207, 1213-14 (5th Cir. 1995).

The first step requires Plaintiff to "show there are similarly situated employees who are potential claimants." *Collazo*, 2010 WL 335327, at *2 (citing *Mielke v. Laidlaw Transit, Inc.,* 313 F. Supp. 2d 759, 762 (N.D. Ill. 2004)). Plaintiff meets this burden by making "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.* (citing *Flores v. Lifeway Foods, Inc*., 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003)); *Wittemann v. Wisconsin Bell, Inc*., 2010 WL 446033, at *1 (W.D. Wis. Feb. 2, 2010). *See generally H&R Block, LTD. v. Housden & Beard,* 186 F.R.D. 399, 400 (E.D. Tex. 1999). Because the first step takes place prior to the completion of discovery, the standard for notice "is a lenient one." *Mooney*, 54 F.3d at 1214; *see, e.g., Vargas v. The Richardson Trident Co.*, CA H-9-1674, 2010 WL 730115, at *7 (S.D. Tex. Feb. 22, 2010) (Harmon, J.) (noting the certification of collective actions is subject to a two-step process with a lenient standard that typically results in conditional certification of a representative class*); Cantu v. Vitol, Inc.*, CA H-09-0576, 2009 WL 5195918, at *3 (S.D. Tex. Dec. 21, 2009) (Rosenthal, J.) *Foraker v. Highpoint Southwest Servs., L.P.*, CA. H- 06-1856, 2006 WL 2585047, at *3 (S.D. Tex. Sept 7, 2006) (Atlas, J.); *Villatoro v. Kim Son Rest., L.P.,* 286 F. Supp. 2d 807, 810 (S.D. Tex. 2003) (granting certification with only a minimal preliminary showing that the Putative Class

Members were similarly situated based on testimony and pay stubs); *Reyes v. Texas Ezpawn, L.P.*, 459 F. Supp. 2d 546, 551-52 (S.D. Tex. 2006) ("The court's decision [at the notice stage] is usually based only on the pleadings and any affidavits that have been submitted."); *Dreyer v. Baker Hughes Oilfield Operations, Inc.*, C.A.. 4:08-cv-01212, 2008 WL 5204149, *1 (S.D. Tex. Dec. 11, 2008) (Review at this stage is lenient; the plaintiffs must show only that there is some factual basis for trying their cases together with the cases of other potential members.); *Bernal v. Vankar Enterprises, Inc.*, C.A. 5:07-cv-00695, 2008 WL 791963, *3 (W.D. Tex. Mar. 24, 2008) ("This determination is based solely on the pleadings and affidavits and the standard is a lenient one typically resulting in conditional certification of a representative class to whom notice is sent and who receive an opportunity to "opt in.""); *Blessey Marine,* 2011 WL 1103795 at *3 (denying Defendants' request for pre-certification discovery and applying the first "notice stage" analysis of the *Lusardi* approach based on pleadings and affidavits submitted.).

In deciding whether notice should be issued, courts only require "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Mooney*, 54 F.3d at 1214, n. 8.  Doing the opposite would unnecessarily hinder the development of collective actions and would undermine the "broad remedial goals" of the FLSA. *Garner v. G.D. Searle*, 802 F. Supp. 418, 422 (M.D. Ala. 1991); *Sperling v. Hoffmann-La Roche, Inc.*,  118 F.R.D. 392, 407 (D. N.J. Jan. 5, 1988). ("[N]otice to absent class members need not await a conclusive finding of 'similar situations.'"). An employee need only show that he is suing his employer for himself and on behalf of other employees "similarly situated." *Mooney*, 54 F.3d at 1213-14; *Grayson*, 79 F.3d at 1096. It is important to note that the plaintiffs' claims and positions need not be identical to

11

the potential opt-ins, only similar. *Grayson*, 79 F.3d at 1096; *Tucker*, 872 F. Supp. at 947.  In

a case granting class notice, a Texas court held:

> [T]he court need not find uniformity in each and every aspect
> of employment to determine [that] a class of employees is
> similarly situated. The remedial nature of the FLSA and § 216
> militate strongly in favor of allowing cases to proceed
> collectively.

*Tolentino,* 716 F. Supp. 2d 642, at *4 (*citing Albanil v. Coast 2 Coast, Inc.*, CA H-08-486,

2008 WL 4937565, at *3 (S.D. Tex. Nov. 17, 2008)). Further, the plaintiffs need to only

demonstrate "a reasonable basis" for the allegation that a class of similarly situated persons

exists. *Grayson*, 79 F.3d at 1097. *See, e.g., Ortiz v. Rain King, Inc.,* CA H-02-4012, 2003 WL

23741409 (S.D. Tex. Mar. 10, 2003) (Lake J.) (one declaration and the complaint sufficient*);

Alba v. Madden Bolt Corp.*, CA H-02-1503, 2002 WL 32639827 (S.D. Tex. June 5, 2002)

(Hoyt J.)  (one declaration sufficient); *Villatoro v. Kim Son Rest., L.P.,* 286 F. Supp. 2d 807,

810 (S.D. Tex. 2003) (Atlas J.) (one declaration plus employer documents sufficient).

At the second step, "following the completion of the opt-in process and further

discovery, the Defendant may ask the Court to reevaluate the conditional certification to

determine whether there is sufficient similarity between the Representative Plaintiff and opt-

in Plaintiffs to allow the matter to proceed to trial on a collective basis." *Russell,* 575 F.

Supp. 2d at 933 (citations omitted); *Wittemann*, 2010 WL 446033, at *3 ("If, after

discovery, defendant shows that any differences among the class members make it too

difficult to decide their claims together, defendant may ask to decertify the class or divide

the class into subclasses.")

Once the Court determines that the employees are similarly situated, notice is sent

and new plaintiffs may "opt in" to the lawsuit. *Acevedo*, 600 F.3d at 519 (citing *Mooney*, 54

F.3d at 1214). Ultimately, allowing early notice and full participation by the opt-ins "assures that the full 'similarly situated' decision is informed, efficiently reached, and conclusive." *Sperling,* 118 at 406. Once the notice and opt-in period is complete, the court will have the benefit of knowing the actual makeup of the collective action. Thus, early notice helps courts to manage the case because it can "ascertain the contours of the action at the outset." *Hoffmann-La Roche,* 493 U.S. at 172.

### a. <u>NOTICE IS APPROPRIATE ON THE FACTS PRESENTED BECAUSE THE PUTATIVE CLASS MEMBERS ARE SIMILARLY SITUATED</u>

At the notice stage, courts determine whether plaintiff and potential opt-ins are "similarly situated" based upon allegations in a complaint supported by affidavits. *Mooney*, 54 F.3d at 1213-16; *Grayson*, 79 F.3d at 1096. To be similarly situated, each class member's situation need not be identical, but merely similar. *Riojas v. Seal Produce, Inc.*, 82 F.R.D. 613, 616 (S.D. Tex. 1979).

In order for notice to be issued, some evidence of "a single decision, policy, or plan" should be presented. *Collazo v. Forefront Educ., Inc.*, CA 08-cv-5987, 2010 WL 335327, at *2 (N.D. Ill. Jan. 28, 2010); *see generally H&R Block, H&R Block, LTD. v. & Beard, supra.* Proof of such a single practice can be provided through declarations of potential Plaintiffs, identification of potential Plaintiffs, and/or evidence of a widespread plan. *Id.* (citations omitted).  In addition to these factors, some courts consider whether other individuals desire to opt-in and are  similarly situated to those bringing the suit. *Dybach v. State of Fla. Dept. of Corrections.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).[2] If, for example, other parties have filed consents to join the case, this is evidence of a desire on the part of others to join the suit that should be considered by the Court.

---

[2] Plaintiffs and their counsel have received numerous inquiries from other individuals currently employed by Defendants who are interested in joining the case, but are afraid of retaliation for doing so.

In this lawsuit, Plaintiffs and the opt-in Plaintiffs have more than met the lenient standard of showing that notice to the Putative Class Members is appropriate. The evidence attached to this Motion, coupled with Defendants' common defenses and representations about the uniformity of its practices, as well as the other pleadings on file, shows Defendants' policy of failing to include daily bonuses and other compensation in the calculation of Putative Class Members' "regular rate" of pay for purposes of overtime is widespread and ongoing. The attached evidence and the pleadings filed herein show that the Putative Class Members were subjected to common pay practices. The evidence shows that they performed similar job duties under identical pay provisions. Moreover, the addition of multiple opt-in Plaintiffs after the inception of this case is also "persuasive evidence that a putative class does exist." *Shaffner v. Cash Register Sales & Serv. of Houston, Inc.*, 2006 WL 1007542 (S.D. Tex. Apr. 17, 2006); *Dybach*, 942 F.2d at 1567-68. Further, the fact that Defendants treated all manual laborers the same regardless of where they worked, which client they were working for, or any other individualized factors demonstrates that all of the individuals are similarly situated for purposes of conditional certification. *Nerland v. Caribou Coffee Co., Inc.*, 546 F. Supp. 2d 1010, 1023-23 (D. Minn. 2007) (holding company's "all or nothing" approach to exemption analysis of store managers counseled in favor of finding plaintiffs were similarly situated).

Consequently, for all of the reasons set forth in this Motion and the attached evidence, this Court should authorize notice to the Putative Class Members and allow Plaintiff to serve the Notice/Consent form attached hereto as Exhibit 22 on all current and former hourly paid manual laborers of Defendants during the relevant statutory time period. Given the weight of the showing made by the Plaintiff, the issuance of Court-approved

notice to the Putative Class Members is appropriate and within this Court's discretion.

**b. THE STATUTE OF LIMITATIONS IS RUNNING ON PUTATIVE CLASS MEMBERS' VALUABLE AND VIABLE CLAIMS**

Unlike Rule 23 class actions in which the statute of limitations is tolled for all potential class members with the filing of the complaint, the statute of limitations under the FLSA is not tolled with the commencement of the action or even with an order granting conditional certification. *Fisher v. Michigan Bell Telephone Co.*, No. 09-10802, 2009 WL 3427048, at *8 (E.D. Mich. Oct. 22, 2009). Rather, the statute of limitations continues to run on each individual's claim until they file their written consent to join the action with the court. *Id.*; *see also* 29 U.S.C. § 216(b) ("No employee shall be a party Plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Although the notice process does not stop the statute of limitations, it does, at a minimum, notify the putative collective class members of the case, and that the statute of limitations is running on their claims. *Fisher*, 2009 WL 3427048, at *8 (citing *Hoffmann-La Roche*, 493 U.S. at 170).

**V.    RELIEF SOUGHT**

Plaintiffs seek the issuance of notice to all potential plaintiffs and the disclosure of the names and contact information (including the addresses, e-mail addresses, and telephone numbers) of all current and former hourly paid manual laborers employed by Defendants during the relevant time period.

**A. PLAINTIFFS' PROPOSED SCHEDULE AND NOTICE/CONSENT FORM**

To facilitate the Notice process and to preserve the important rights of those who have not yet opted-in (or learned of this lawsuit), Plaintiffs have attached a proposed Notice and Consent forms to be approved by the Court. *See* Ex. 22, 23, 24, and 25. These forms

are based on various Notice and Consent forms previously approved by District Courts

dealing with similar issues, though they have been modified for this particular case.

Plaintiffs seek to notify a group of Putative Class Members described as follows:

**ALL CURRENT AND FORMER HOURLY PAID MANUAL
LABORERS EMPLOYED BY DEFENDANTS BETWEEN
JULY 29, 2012 AND THE DATE NOTICE IS ISSUED.**

Additionally, Plaintiffs seek an Order from this Court adopting the following schedule:

| DEADLINE | SUBJECT |
|---|---|
| **10 Days From Order Approving Notice to Potential Class Members** | Defendants to disclose the names, last known addresses, e-mail addresses, and phone numbers of those described in above-referenced group of Putative Class Members to be notified in an usable electronic format |
| **20 Days From Order Approving Notice to Potential Class Members** | Plaintiff's Counsel shall send by mail and e-mail the Court approved Notice and Consent Form to the Putative Class Members |
| **60 Days From Date Notice is Mailed to Potential Class Members** | The Putative Class Members shall have 60 days to return their signed Consent forms to Plaintiff's Counsel for filing with the Court |

| 30 Days from Date Notice is Mailed to Potential Class Members | Plaintiff's Counsel is authorized to send by mail and e-mail a second identical copy of the notice/consent form to the Putative Class Members reminding them of the deadline for the submission of the Consent forms. Plaintiff's Counsel is authorized to call Putative Class Members to ensure the consent forms were received.[3] |
|---|---|

**B. COURTS ROUTINELY REQUIRE THE PRODUCTION OF NAMES, ADDRESSES, E-MAIL ADDRESSES, AND PHONE NUMBERS FOR THE NOTICE PROCESS**

Plaintiffs requests that the Court order Defendants to provide counsel for Plaintiffs with the names, current or last known addresses, e-mail addresses, and phone numbers for current and former employees fitting the description of the conditionally certified class. Courts routinely require defendants to produce the requested information and allow the issuance of notice through the requested conduits. *See Martinez v. Refinery Terminal Fire Company*, C.A. No. C-11-295 (S.D. Tex. Jan. 25, 2012) (ECF No. 54) (Ramos, J.)(Ordering the production of names, addresses, e-mail addresses and telephone numbers); *Lopez v. Allis-Chalmers Energy Inc.,* C.A. No. C-11-353 (S.D. Tex. April 20, 2012) (ECF No. 92)(Ordering the production of names, addresses, e-mail addresses and telephone numbers); *Criswell v. Higman Marine Inc.,* No. G-12- 36 (S.D. Tex. June 12, 2012) (Froeschner, M.J.) (ECF No. 25) (Ordering the production physical and e-mail addresses); *Beall v. Tyler Technologies, Inc.*, No. Civ. A. 2-08-CV-422, 2009 WL 3064689, at *1 (E.D. Tex. Sept. 23, 2009) (court granted class notice via e-mail and later compelled the employer to produce all e-mail addresses, both personal and work); *see also Davis v. Westgate Planet Hollywood Las*

---

[3] Plaintiff Counsel will confer with Defendants concerning the use of a script similar to the scripts previously approved by Courts within the Western District of Texas.  Plaintiff Counsel has provided a proposed script included as Exhibit 25.

*Vegas, LLC*, No. Civ. A. 2:08-CV-00722-RCJ-PAL, 2009 WL 102735, at * 15 (D. Nev. Jan. 12, 2009) (Court granted circulation of class notice via both U.S. mail and e-mail); *Ortiz,* 2003 WL 23741409, at *1 (granting class notice and ordering Defendant to produce the names, addresses and phone numbers of class employees in a readable computer format)*; Alba*, 2002 WL 32639827, at *1 (Court ordered defendant to produce "the full name, last known address, telephone numbers, dates and location of employment for three years); *Hoffmann-LaRoche*, 493 U.S. at 170, 110 S.Ct. at 486 ("District Court was correct to permit discovery of the names and addresses… ").

## C.  **DEFENDANTS ARE PROHIBITED FROM DISCOURAGING EMPLOYEES FROM JOINING THE SUIT**

While the FLSA expressly prohibits any type of retaliation or dissuasion by Defendants during a pending case, Plaintiffs request an order to this effect out of an abundance of caution. Plaintiffs specifically request the Court order that "Defendant is hereby prohibited from communicating, directly or indirectly, with any current or former hourly . . . employees about any matters which touch or concern the settlement of any outstanding wage claims, or other matters related to this suit, during the opt-in period. Defendant shall so instruct all of its managers. This order shall not restrict Defendant from discussing with any current employee matters that arise in the normal course of business." *Barnard et al. v. Intertek USA Inc.,* C.A. No. 4:11-cv-02198 at 22-23. (S.D. Tex. May 02, 2012) (ECF No. 99).

## VI.  CONCLUSION

Plaintiffs have more than met the minimal burden to show that other similarly situated individuals exist and are interested in asserting their claims. In order to facilitate the purposes of the FLSA's collective action provisions, Plaintiffs respectfully request that the Court grant this Motion and: (1) conditionally certify this action for purposes of notice and

discovery; (2) order that judicially-approved notice be sent to all Putative Class Members; (3) approve the form and content of Plaintiffs' proposed judicial notice and reminder notice; (4) order Defendants to produce to Plaintiffs' Counsel the contact information (including the name, address, telephone number, and e-mail address) for each Putative Class Member in a usable electronic format; (5) authorize a sixty (60) day notice period for Putative Class Members to join the case; and (6) authorize notice to be sent via First Class Mail and e-mail to the Putative Class Members.

Respectfully submitted,

**/S/ Carlos A. Solis**

By:_____

Carlos A. Solis
csolis@hilley-solis.com
Texas State Bar No.: 24060636
Fed I.D. No.: 24060636
Derek B. Hilley
dhilley@hilley-solis.com
Texas State Bar No.: 24056770
*Attorneys-In-Charge for Plaintiffs*
310 S. St. Mary's St.
Suite 2600
San Antonio, Texas
(210) 446-5000 Telephone
(210) 446-5001– Facsimile

## CERTIFICATE OF CONFERENCE

The undersigned counsel has consulted with Michael L. Holland, attorney for the Defendants, regarding the above motion. After consultation, Mr. Holland advises that he does not agree with this Motion.

**/s/ Carlos Solis**

_____

Carlos A. Solis

19

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 29th day of October, 2015, I filed the foregoing with the Clerk of Court which will send notification of such filing to the following:

Michael L. Holland
Holland & Holland, LLC
1250 N.E. Loop 410, Suite 808
San Antonio, TX 78209
mholland@hollandfirm.com

**/s/ Carlos Solis**
_____
Carlos A. Solis