The two Plaintiffs who were Helpers assisted with rigging-up/down and assisting as requested. They did not operate the coiled tubing unit or pump or have the other duties of those positions. Facts P.5, ¶6.g  The Helper is not similarly situated to the other positions.

One Plaintiff was a Coil Tubing Unit Operator, operating the coil tubing unit and responsible for rigging up/down.  He did not operate the pump, like the pump operator and has more responsibilities than the helper. Facts P.5, ¶6.g  He is not similarly situated to the other positions.

(b)     Plaintiffs Not Similarly Situated to Others in Coiled Tubing Division

The Coiled Tubing Division has positions that none of the Plaintiffs held, including Clerk, Mechanic, and Technician.  Exh. 1, ¶16  The duties of the Plaintiffs are drastically different from the work of these other positions.  Exh. 1, ¶16-17  Plaintiffs are not similarly situated to the clerks, mechanics or technicians of the Coiled Tubing Division

(c)     Plaintiffs Not Similarly Situated to Employees in the Rig Department All of Plaintiffs jobs in the Coiled Tubing Division are substantially different than all jobs in the Rig Division. The differences include differences in locations, services, management, pay, hours, schedules, and job positions.

(1)     Location: All Plaintiffs worked in Pleasanton, Texas.  They did not work at any of the locations of the Rig Division in West Texas, East Texas, South Texas or Pennsylvania like the Rig Division employees worked.  Facts P.3, ¶6.a

(2)     Management/Supervision: Coiled Tubing Division managers supervised all plaintiffs.  They were not supervised by the managers of Rig Division like Rig Division Employees.  Facts P.4, ¶6.c

(3)     Pay/Schedules: All Plaintiffs were paid based on the job they performed in the Coiled Tubing Division and scheduled based on the needs of their division; they were not paid like the employees in the Rig Division nor scheduled on the same basis.  Many of the employees in the Rig Division did not receive a daily bonus as claimed by Plaintiffs.  Facts P.4-5, ¶6.d&f

(4)     Duties:  None of the Plaintiffs worked with equipment or had the same or similar duties as the employees in the Rig Division.  Plaintiffs did not operate a work over rig like the driller nor operate any of the other specialized equipment, like a swab operator, reverse unit operator or power swivel operator.  They did not work high on a derrick like a derrick man working with elevators, and they did not handle heavy tongs, slips, or elevators like the floor hands to lift and connect the individual pipe joints that are 30-31 feet.  They also did not perform the duties of the Rig Division's mechanics, drivers, welder or clerks.  Facts P. 3-4, ¶6.b; P.5, ¶6.g

All of these variations among and between the employees make this civil action unsuitable for collective action treatment.  While the certification standard is lenient under the *Lusardi* approach, it is by no means automatic. See *Badgett v. Texas Taco Cabana, L.P.*, No. H-05-3624, 2006 U.S. Dist. LEXIS 74530, at *5 (S.D. Tex. Oct. 3, 2006).  *H & R Block*, 186 F.R.D. 399 (denying conditional class certification based on statements of two former employees).  Courts should strive to balance the efficiency of aggregating claims in one action against the expense and inconvenience of frivolous litigation. *Castillo v. Hernandez*, No. EP-10-CV-247-KC, 2010 WL 4595811, at *4 (W.D. Tex. Nov. 4, 2010).

(3)      **Plaintiffs Not Similarly Situated to Those Who Settled Their Claims:**  The

Department of Labor ("DOL") conducted an investigation relating to employees of C.C. Forbes,

LLC.  As a result of that investigation, C.C. Forbes settled overtime wage claims of many of its

employees that worked in the Coil Tubing Division. The settlement was approved by the DOL

based on the DOL's calculations of unpaid overtime relating to bonus amounts not being

included in the regular rate of pay.  Exh. 3, ¶6  These settlement will be a defense to any claim

asserted by such individuals.

Plaintiffs are not similarly situated to employees who have already settled their claims.

**B.      Conditional Certification Should Be Denied Because Plaintiffs Have Not Shown That Putative Members Want to Opt In**

(1)      **Plaintiffs Fail To Show Rig Division Employees Want to Opt-In:**  None of the

Plaintiffs were employed in the Rig Division and none worked at the Rig Division locations in

West, East, or South Texas, or Pennsylvania. As established above, Plaintiffs are not similarly

situated to employees in the Rig Division. See above P. 11-12  The Rig Division employees

work at different locations, performs different services, have different management, and

employees with different job duties, hours, schedules and pay than the Coiled Tubing Division

employees, who all work in Pleasanton, Texas.

To show that individuals in multiple locations are similarly situated, Plaintiff must

establish a reasonable basis to conclude that the same policy applies to the multiple locations

before certification is appropriate beyond the Plaintiff's location. *Heeg v. Adams Harris*, 2012

U.S. Dist. LEXIS 156151 *16 (S.D. Tex. Oct. 31, 2012).   Plaintiffs have failed to provide

evidence of policies relating to other locations. Instead, Plaintiffs simply proffer vague and

conclusory statements, with no time frames in three nearly identical declarations. Facts P.6-7, ¶7-

12  Further, Defendants have provided evidence that other locations are very different from

Plaintiffs' location.  Facts P.3-6, ¶6.a-g  As such, the declarations relate to only what was allegedly experienced with regard to work at the locations of each Plaintiff.

Plaintiffs fail to make even the minimal showing required to show that other employees at other locations are interested in joining the suit. *McKnight v. D. Houston, Inc*., Civ. A. No. H-09-3345, 2010 U.S. Dist. LEXIS 122357, *32 (S.D. Tex. Nov. 18, 2010); *Detho v. Bilal,* Civ. A. No. H-07-2160, 2008 U.S. Dist. LEXIS 29502 (S.D. Tex. Apr. 10, 2008) (refusing certification for employees at two-store chain when only evidence that employees at other location were interested was the plaintiff's affidavit stating that she "'believes' there are other employees 'who may be interested in joining a collective action to recover for unpaid overtime compensation.'" (quoting the affidavit)).

A collective action with Rig Division employees is not appropriate because Plaintiffs have failed to show they are similarly situated to such employees and/or that the Rig Division employees are interested in joining. The FLSA collective action process is not a fishing expedition. Any putative class should not include Rig Division employees. Courts have rejected certification even when there was one person similarly situated to the potential class, however in this case none of the Plaintiffs are similarly situated and none of them worked at any Rig Division location.

(2)     **Plaintiffs Fail to Show Employees in Other Positions in the Coiled Tubing Division Want to Opt-In:**  Only one Plaintiff, is a coil unit operator.  The other Plaintiffs are pump operator and helpers.  Plaintiffs have not identified even one other coil unit operator interested in joining.  Plaintiffs have also not identified persons in positions other than helpers and pump operators as desiring to join.  Facts P.5, ¶6.g; P.7, ¶12  A collective action including coil unit operators, mechanics, welders, and drivers in the Coil Tubing Division is not

appropriate because Plaintiffs have failed to show other similarly situated employees are interested in joining. *Ali v. Sugarland Petroleum,* 2009 WL 5173508, at \*4; *Morales v. Thang Hung*, 2009 WL 2524601, at \*3, *Yoakum v. PBK Architects, Inc.,* 2011 U.S. Dist. LEXIS 114190, at \*7.

      (3)     **Plaintiffs Fail to Show "Man Camp" Employees Want to Join:** As established above, only one declarant claims to have stayed at a man camp.  Facts P.6, ¶7-9 This is an insufficient showing to establish that a class of individuals wish to make an overtime claim based on claims derived from having been provided with lodging at a man camp. One claimant is insufficient to satisfy the requirements to conditionally certify a collective action.  *Ali v. Sugarland Petroleum,* No. 4:09-cv-0170, 2009 U.S. Dist. LEXIS 118829, 2009 WL 5173508, at \*4 (S.D. Tex. Dec. 22, 2009) (one affidavit was not enough to support conditional certification); *Morales v. Thang Hung*, No. 2009 U.S. Dist. LEXIS 71765, 2009 WL 2524601, at \*3 (S.D. Tex. Aug. 14, 2009) (plaintiff's affidavit claiming three others wished to join but only one consent to join insufficient); *Yoakum v. PBK Architects, Inc.,* 2011 U.S. Dist. LEXIS 114190,  7 (S.D. Tex. Oct. 4, 2011) (single consent to join insufficient, citing *Ali v. Sugarland).* A plaintiff claiming that he does not know the names of other putative plaintiffs is also insufficient; an FLSA plaintiff is not entitled to conditional certification simply to seek out others who might wish to join the action. *Parker v. Rowland Express,* 492 F. Supp. 2d 1159, 1166 (D. Minn. 2007).

      A collective action based on Defendants having provided lodging at man camps is not appropriate.

## C.    Conditional Certification Should Be Denied Because Plaintiffs Have Not Shown Defendants Have Central Decision, Policy or Plan.

      Plaintiffs have also failed to show that Defendants have a central decision, policy, or plan regarding the putative class.  The Declarants claim to have spoken to "fellow employees" but do

not identify even one person from the Rig Division or in any position held besides their own as having been subjected to the same alleged overtime violations. Facts P.7, ¶10-12  Rather, the Rig Division has very different policies, including not providing man camps and many employees not receiving a daily bonus.  Only through surmise and speculation can the Defendants be said to have the same policy or plan across the broad spectrum of positions.  Plaintiffs have provided no evidence regarding the pay policies and procedures of Forbes Energy Ltd, Forbes Energy LLC and/or the Rig Division of C.C. Forbes.

D.    **No Single Enterprise and/or Joint Employment.**

Plaintiffs' make numerous allegations regarding the alleged relationships between Defendant Forbes Energy, LTD, Defendant Forbes Energy Services, LLC and Defendant Forbes Energy Services' LLC's subsidiaries Defendant C.C. Forbes LLC and two entities that have not been sued TX Energy Services, LLC  and Superior Tubing Testers. Motion pg. 3-7.   These allegations are insufficient to establish integrated enterprise and joint employment for FLSA purposes.

Defendant Forbes Energy Services, Ltd., a holding company, has no employees. Defendant Forbes Energy Services, LLC employs management/administrative staff and is not Plaintiffs' employer.  Plaintiffs were employed in the Coiled Tubing Division of C.C. Forbes. See above P.1-2, ¶1

To the extent Plaintiffs are attempting to create a class that also includes persons employed by Texas Energy and/or Superior Tubing Testers the request should be denied. None of the Plaintiffs worked for either TX Energy Services or Superior Tubing Testers. Plaintiffs cite to no authority that would allow employees of entities that have not been sued to be included in a class. They have provided no evidence regarding any of the employees of either TX Energy or

Superior Tubing Testers. Plaintiffs have not shown that there are any employees of these entities who are interested in opting in and have not shown that they are similarly situated to any such employees.

The integrated enterprise and joint employment concepts for FLSA purpose focuses on whether an entity could be considered a plaintiff's employer.  Neither TX Energy Services, LLC nor Superior Tubing Testers LLC have any current or former employees participating in this litigation, they are not defendants and a collective action should not include their employees. *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 2010 U.S. Dist. LEXIS 122357 (S.D. Tex. 2010) (declining to include in a class employees working at different locations); See *Martin v. BMS Enters., Inc., Civ. A. No. 3:09-CV-2159-D, 2010 U.S. Dist. LEXIS 66050, 2010 WL 2671305, at *3 n.7 (N.D. Tex. July 1, 2010)* (declining to include in a class employees of a related employer when none of the plaintiffs worked for the related employer, and clarifying that "Aguilar does not suggest that plaintiffs may state an FLSA claim against corporate entities whom the plaintiffs can merely show will be some class member's employer, but not their employer" (emphasis in original)).

To the extent that Plaintiffs are claiming that the putative class should include individuals employed by Texas Energy or Superior Tubing Testers the request should be denied.

E.      **Denying Conditional Certification.**

In deciding whether to grant Plaintiffs' Motion, the Court should be mindful that it has a responsibility to refrain from "stirring up unwarranted litigation." *Lentz v. Spanky's Restaurant II, Inc.,* 491 F.Supp.2e 663, 669 (N.D. Tex. 2007); *Behnken v. Luminant Min. Co.*, LLC, 997 F.Supp.2d 511, 516 ( N.D. Tex. 2014.  Further, employers should not be unduly burdened by a frivolous fishing expedition conducted by the plaintiff at the employer's expenses.  *D'Anna v.*

*M/A-Com, Inc.*, 903 F.Supp. 889, 894 (D.Md. 1995).  The court must satisfy itself that other "similarly situated" individuals justify notice because they desire to opt-in and are "similarly situated" with respect to job requirements and with regard to their pay provisions.  *Dybach v. Florida Dep't of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

Defendants request that the Court deny conditional certification because Plaintiffs have not shown they are similarly situated to the proposed class; that there is a central decision, policy or plan violating the FLSA as it pertains to the class nor that individuals from different locations or in different positions want to opt-in to the lawsuit.

F.      **Alternatively, If Conditional Certification Is Granted, The Class Should Be Limited In Terms Of Positions, Pay and Relevant Time Frame.**

Alternatively, based on the foregoing, if conditional certification is granted, any potential class should be limited to pump operators and helpers in the Coiled Tubing Division of C.C. Forbes, LLC that received a daily bonus during the Relevant Time and who did not accept the settlement approved by the Department of Labor.

As established above, these are the only positions for which Plaintiffs have provided more than one person as wishing to join.

Plaintiffs recognize that the FLSA statute of limitations runs as to each potential opt-in plaintiff until written consent is filed with the Court; for limitations purposes, post-complaint consent filings by opt-in plaintiffs do not relate back to the original complaint citing to. *Sandoz v. Cingular Wireless,* 553 F.3d 913, 917 (5th Cir. 2008); Motion P.2, ¶1.  Plaintiffs' proposed class of persons employed beginning on July 29, 2012, exceeds the statute of limitations. In the event a class is conditionally certified, Defendants request that the time frame be determined from the date the Court approves the form of the notice to the class.

## CONCLUSION

Wherefore, Defendants request that the Court deny Plaintiffs' motion for conditional collective action certification. Alternatively, Defendants request that the Court limit the certification as requested herein and that the court grant such other and further relief as is appropriate.

Respectfully submitted,

HOLLAND & HOLLAND, LLC
North Frost Center
1250 N.E. Loop 410, Suite 808
San Antonio, Texas  78209
Telephone:  (210) 824-8282
Facsimile:  (210) 824-8585

BY

Michael L. Holland
State Bar No. 09850750
mholland@hollandfirm.com
Inez M. McBride
State Bar No. 13331700
imcbride@hollandfirm.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing instrument has been properly delivered pursuant to the *Federal Rules of Civil Procedure*, on the __13__ day of __Novemb__, 2015, to the following counsel of record:

Carlos A. Solis
Attorney at Law
310 S. St. Mary's St., Suite 2900
San Antonio, Texas 78205

Michael L. Holland
Inez McBride

19

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PETER KEPPARD, JR., TRINIDAD | § | CAUSE NO.: 5:15-cv-00625-OLG |
| AVILA, ALONSO ROBLES, GUILLERMO | § | |
| TREVINO, HUMBERTO CASTILLO, | § | |
| HECTOR A VALLEJO, and HECTOR | § | |
| VALLEJO, On Behalf of Themselves and | § | |
| All Others Similarly Situated, | § | |
| | § | |
| PLAINTIFFS | § | |
| | § | |
| V. | § | |
| | § | |
| C. C. FORBES, LLC, | § | JURY TRIAL DEMANDED |
| FORBES ENERGY SERVICES, LTD, and | § | |
| FORBES ENERGY SERVICES, LLC | § | |
| | § | |
| DEFENDANTS | § | |

## ORDER DENYING PLAINTIFFS' OPPOSED MOTION
## FOR CONDITIONAL CERTIFICATION AND FOR NOTICE TO
## PUTATIVE CLASS MEMBERS

Came on this day to be heard Plaintiffs' Opposed Motion for Conditional Certification

and For Notice to Putative Class Members and Defendants' Brief Opposing Plaintiffs' Opposed

Motion For Conditional Certification And Notice to Putative Class Members, and the Court,

having considered the same, is of the opinion that Plaintiffs' motion should be DENIED.

It is therefore ORDERED that Plaintiffs' Opposed Motion for Conditional Certification

and For Notice to Putative Class Members is DENIED.

SIGNED and ENTERED on _____.

_____
UNITED STATES DISTRICT JUDGE