UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PETER KEPPARD, JR., TRINIDAD AVILA, ALONSO ROBLES, GUILLERMO TREVINO, HUMBERTO CASTILLO, HECTOR A VALLEJO, and HECTOR VALLEJO, On Behalf of Themselves and All Others Similarly Situated, | § § § § § § § | CAUSE NO.: 5:15-cv-00625-OLG |
| PLAINTIFFS | § § | |
| v. | § § | |
| C. C. FORBES, LLC, FORBES ENERGY SERVICES, LTD, and FORBES ENERGY SERVICES, LLC | § § § § | JURY TRIAL DEMANDED |
| DEFENDANTS | § § | |

<u>DEFENDANTS, C.C. FORBES, LLC, FORBES ENERGY SERVICES, LTD., AND FORBES ENERGY SERVICES, LLC'S OBJECTIONS TO ORDER AND MEMORANDUM AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE</u>

COME NOW DEFENDANTS C. C. Forbes, LLC, Forbes Energy Services, Ltd. and Forbes Energy Services, LLC, and file their objections to the Order and Memorandum and Recommendation of the United States Magistrate Judge (Dkt #46) (hereinafter "Memorandum") on the following grounds:

Defendants object to the Memorandum's recommendation that this case be conditionally certified on the grounds set forth in Defendant's Response that conditional certification should be denied. See Dkt #35. Defendants further specifically object to the Memorandum as follows:

**1.** <u>**OBJECTIONS TO EVIDENTIARY RULINGS:**</u>  Defendants object to the following evidentiary rulings:

<u>Memorandum pgs. 9-10</u>: Defendants object to the overruling of Defendants' objections to

Exhs. 1, 2 and 3 regarding the declarants' claim that they were employed by "Forbes Energy" (conclusory, lack proper foundation and hearsay). The declarants' conclusory statements, lacking in foundation are insufficient to establish that Plaintiffs were employed by either Defendant Forbes Energy Services, LLC and/or Forbes Energy Services Ltd. On the other hand, Defendants have shown that the declarants were only employed by the Coiled Tubing Division of C.C. Forbes, LLC. Dkt# 35, pg 2 (¶1) (Exh 1 Clifton ¶3-5). The Defendants' objections should be sustained. (Dkt #36).

Memorandum pg. 13: Defendants object to the overruling of Defendants' objections to Exhs. 1 and 2 regarding the declarants' references to "man camps." As asserted in Defendants' objections, the statements are vague, lack foundation and fail to provide any time frame. Defendants' objections should be sustained.

Memorandum pg. 12, 21-22: Defendants object to the overruling of Defendants' objections to Exhs. 1-3 regarding the declarants' references to being engaged in "similar job duties," "subjected to the same time and payroll system," "similar pay practices" and "talking to fellow employees" and "we were all subjected to the same or similar pay practices . . ." to the extent these statements are being used to infer the declarants spoke to anyone other than co-workers of the Coiled Tubing Division of C. C. Forbes, LLC.

There is no evidence that the declarants spoke to employees of other divisions of C. C. Forbes; no evidence that the declarants spoke to employees of any other company; and no evidence that the declarants spoke to any member of the proposed class performing services other than coiled tubing. Defendants, however, have presented evidence that employees of C. C. Forbes' Rig Division performed completely different services and would not have been providing services alongside employees of the Coiled Tubing Division. See Dkt #35, pg 2; pgs 3-6 (¶6 a – g).

Only through sheer speculation and conjecture can the declarants' references to other employees extend beyond the Coiled Tubing Division of C. C. Forbes. Defendants' objections should be sustained. (Dkt #36, pg 2).

2.    **OBJECTIONS TO FACTUAL STATEMENTS/FINDINGS**

A.    Memorandum Incorrectly Refers to the Defendants Collectively as "Forbes Energy":  Defendants object to the Memorandum collectively referring to the three Defendants as "Forbes Energy" when not supported by the evidence.  See Dkt #46, pg. 1 (defining "Forbes Energy" as including all three defendants); pgs. 3 and 7 (Memorandum references "Forbes Energy" while evidence does not refer to all three defendants).

B.    Memorandum Incorrectly Finds Joint Enterprise/Joint Employment, Dkt. 14-18

Defendants object to the Memorandum's finding of Joint Enterprise/Joint Employment because Plaintiffs have failed to present sufficient evidence of joint enterprise/joint employment.

To determine whether a parent corporation and its subsidiary may be regarded as a "single employer," a court should consider (1) interrelation of operations, (2) centralized control of labor or employment decisions, (3) common management, and (4) common ownership or financial control. *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983). The Fifth Circuit has instructed, however, that the analysis should "ultimately focus on the question whether the parent corporation was a final decision-maker in connection with the employment matters underlying the litigation, . . . and all four factors are examined only as they bear on this precise issue." *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 777 (5th Cir. 1997).

Plaintiffs have provided no evidence that Defendants Forbes Energy Services, Ltd. or Forbes Energy Services, LLC made decisions relating to the claims at issue.  Instead, Plaintiffs have presented evidence that they were paid by C.C. Forbes, LLC.  Dkt 30, Exh. 1-A, 3-A (pay stubs issued by C.C. Forbes, LLC).

C.      Memorandum Incorrectly Finds Employees Are Similarly Situated To Proposed
Class In Terms Of Pay, Job Classification And With Regard To Those Who Have Settled Their
Claims And The Putative Class Should Be Open To the Well Servicing Segment, Dkt #46, pg.
19-24: Defendants object to the Memorandum's statements that Plaintiffs are similarly situated
to the proposed class in pay and job classification and those who settled and that Plaintiffs
submitted evidence that they were engaged in "similar job duties," and subjected to the "same
time and payroll system" and that the putative class should be open to employees of the "Well
Servicing segment."   Plaintiffs have not provided evidence that they had similar job duties or
that the same time and payroll system applied to employees of the Well Servicing segment.

Defendants have established that Plaintiffs only worked in its Coiled Tubing Division of
C. C. Forbes. Dkt #35. As recognized in the Memorandum, the "Well Servicing segment"
includes a variety of services outside the Coiled Tubing Division. Dkt #46, pg 23-24.   Plaintiffs
did not submit any evidence regarding the job duties of employees nor the pay practices relating
to services outside the Coiled Tubing Division. Plaintiffs did not provide evidence regarding the
pay practices and/or duties of employees relating to services performed with the well servicing
rigs, swabbing rigs, tubing testing units, electromagnetic scan trucks or the other related assets
and equipment.

Defendants have, however, shown that the Coiled Tubing Division and the Rig Division
do not share locations and provide such different services that the crews from the different
divisions would not be servicing wells together. There is no evidence that Plaintiffs even
communicated with persons providing other services or otherwise knew the duties, time and/or
pay systems of such other employees.

Plaintiffs attempt to overcome their lack of evidence by referring to a variety of corporate

documents that do no more than show a relationship between the Defendants.  Assuming arguendo, without admitting it, that such evidence may be sufficient to keep the parent and holding company in as Defendants at this stage based on allegations that they are joint employers of Plaintiffs; the corporate documents provide no evidence regarding job duties and/or pay practices.  The corporate documents do <u>not</u> describe the job duties of employees providing the variety of services.   See Dkt #30, Exhs. 4-19. The corporate documents do <u>not</u> mention time nor pay practices. *Id.* As such, the corporate documents provide <u>no</u> evidence regarding whether Plaintiffs, in the Coiled Tubing Division, are similarly situated to employees in other divisions or other locations and they provide <u>no</u> evidence of a central decision, plan or policy regarding the alleged FLSA violation. *Id.* There is also <u>no</u> evidence that anyone outside the Coiled Tubing Division seek to opt in or have opted in.

Only through sheer speculation and surmise can the duties, time or payroll systems of employees outside the Coiled Tubing Division be deduced.

Persons who have settled their claims are not similarly situated because Defendants will be able to raise defenses as specified below in section 3.D. and E.

Defendants request that the Court sustain its objections and not consider these portions of the Memorandum in determining whether conditional certification be granted.

### 3.   <u>OBJECTIONS TO SCOPE OF CLASS</u>

### A.   <u>Defendants Object to Finding that Plaintiffs are Similarly Situated to Proposed Class in Terms of Pay and Job Classification / Putative Classes Are Overly Broad Because They Are Not Limited to the Coiled Tubing Division.</u>

<u>Memorandum pg. 19-25:</u> Defendants object to the Memorandum's findings and scope of the putative classes as overly broad because they include employees of the "Well Servicing segment" instead of being limited to the Coiled Tubing Division. As explained above in paragraph 2B and in Defendants Response (Dkt #35, pg 3-6; 13-16). Plaintiffs have only

provided evidence regarding the alleged job duties and pay practices that apply to individuals employed in the Coiled Tubing Division. Plaintiffs have not shown that they are similarly situated to employees providing the other services of the Well Servicing segment, including those working at other locations, working in other divisions and/or working for other companies. They have also not shown the alleged pay practices to which they claim they were subjected apply to employees at other locations; other divisions and/or anyone else in the putative class.

To show that individuals in multiple locations are similarly situated, Plaintiff must establish a reasonable basis to conclude that the same policy applies to the multiple locations before certification is appropriate beyond the Plaintiff's location. *Heeg v. Adams Harris*, 2012 U.S. Dist. LEXIS 156151 *16 (S.D. Tex. Oct. 31, 2012).   Plaintiffs have failed to provide evidence that the same policies apply to anyone outside the Coiled Tubing Division.

Plaintiffs have also not shown that anyone outside the Coiled Tubing Division is interested in joining this action. The court must satisfy itself that other "similarly situated" individuals justify notice because they desire to opt-in and are "similarly situated" with respect to job requirements and with regard to their pay provisions.  *Dybach v. Florida Dep't of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).   All the declarants worked in the Coiled Tubing Division and while Plaintiffs have provided 8 consents to join, there is no evidence that any of them worked in any other division.

Defendants request that the class be limited to employees "employed by Defendants in the Coiled Tubing Division" and be further limited as specified below.

### B.       Putative Classes Are Overly Broad Because They Are Not Limited to Those Who Received Bonuses

Memorandum pg. 25: Defendants object to the putative classes as overly broad because they refer to "hourly paid manual laborers" and should be limited to employees who were paid a

bonus.

Plaintiffs have sought class certification based on allegations that the regular rate was not properly calculated because it did not include bonuses or the reasonable cost or fair value of lodging.

As established by Defendant, only one declarant claims to have received lodging. The declarant claiming he was provided with lodging is not similarly situated to others who do not make such a claim.   As established by Defendants, employees in the Rig Division are not supplied with lodging.   See Dkt #35, pg 9 (no man camps in Rig Division).   In fact, Plaintiffs have provided no evidence that anyone other than the one declarant is asserting a claim based on lodging or that anyone seeks to join based on such a claim.   See Dkt #35, pg 15 (no evidence man camp employees want to join).

One person asserting a claim is insufficient to establish that others with similar claims wish to join the action. The putative class should not include claims based on lodging.   The class is overly broad because it is not limited to those employees who were paid a bonus. Defendants request that the putative class be further limited to "only those hourly paid manual labors who were paid a bonus."

### C.      Putative Classes Are Overly Broad Based on the Statute of Limitations.

Memorandum pg. 25:   Defendants object to the time frame of the proposed class as overly broad because it includes periods that are barred by the statute of limitations. The Fair Labor Standard Act's two and three year statutes of limitation for collective actions run from the date a consent to join is filed.   *Sandoz v. Cingular Wireless,* 553 F.3d 913, 917 (5th Cir. 2008); 29 U.S.C. §256.   Thus, the beginning date of July 29, 2012, includes putative class members whose claims are already time barred. Sending notice to such individuals and potentially having

to address consents filed by persons with barred claims does not promote judicial efficiency.   If a collective action is certified, the beginning date for the proposed class should be three years from the date the court orders notice to be sent to putative class members.

### D.      First Putative Class Is Overly Broad Because it Fails to Exclude Individuals Who Settled Claims by Cashing Checks Without Signing Form WH-58

Memorandum pg. 25, 1st putative class described: Defendants object to the first class described as overly broad because it fails to exclude those that did not sign WH-58 but cashed their checks. Individuals are not required to sign the WH-58 form to settle claims; all they need do is cash the settlement check that accompanied the WH-58 form issued by the Department of Labor. F*avata v. National Oilwel*l *Varco, L.P*., C.A. No. C-12-082, 2013 U.S. Dist. LEXIS 46290, 2013 WL 1222378, at *3 (S.D. Tex. Feb. 7, 2013); *Selz v. Investols,* No. 2:09-cv-1042, 2010 U.S. Dist. LEXIS 34762 (D. Utah Apr. 8, 2010) (dismissing claim where employee cashed check accompanied by WH-58 Form).

Plaintiffs acknowledge that Defendant made payment pursuant to a supervised Department of Labor settlement and that Defendant sent checks with the issued WH-58.   Dkt. 44, ¶ B. As a matter of law, the time periods settled are waived and Defendants will be able to raise such defense if any individuals who settled their claims join this action. Like the individuals who signed the WH-58; individuals who did not sign the WH-58 form but cashed the settlement checks are not similarly situated to the Plaintiffs and should be excluded.   F*avata v. National Oilwel*l *Varco, L.P*., 2013 WL 1222378, at *3; *Selz v. Investols,* 2010 U.S. Dist. LEXIS 34762 (D. Utah Apr. 8, 2010) (dismissing claim where employee cashed check accompanied by WH-58 Form).   Therefore, the first putative class should be modified to exclude those that "signed WH-58 and those that did not sign the WH-58 but cashed the check (made out for the amount stated on the WH-58) that accompanied the WH-58."

**E.**   **Second Putative Class Is Overly Broad Because it Includes Individuals Who Settled All Potential Claims.**

<u>Memorandum pg. 2nd putative class described:</u> Defendants object to the time frame of the second putative class as overly broad because it includes individuals who have settled all their claims. Individuals who were not employed outside the period of time for which they settled their claims should not be included in any class because all their potential claims are subject to Defendants' defenses of settlement and waiver.  Further, individuals who were employed outside the settlement period but who also have claims within the settlement should not be allowed to assert those claims that have been settled.

Individuals with settled claims are not similarly situated to Plaintiffs. *Vargas v. HEB Grocery Co., LP*, SA-12-CV-116-XR, 2012 U.S. Dist. LEXIS 132030, 2012 WL 4098996, at *4 (W.D. Tex. Sept. 17, 2012) (finding that potential plaintiffs who had signed releases settling their FLSA claims in other cases had waived their potential claims and were not similarly situated to the named plaintiffs); *O'Neal v. Kilbourne Med. Labs., Inc*., CIV.A. 05-50, 2007 U.S. Dist. LEXIS 22620, 2007 WL 956428, at *7 (E.D. Ky. Mar. 28, 2007) (denying the plaintiff's motion for conditional certification of an FLSA class based in part on a finding that the plaintiff failed to show she was similarly situated to other employees who had signed DOL release forms related to the claims alleged by the plaintiff).

Further, including individual's settled claims in the putative class does not promote judicial efficiency.  Such claims are subject to Defendants' defense of settlement and waiver and would require individualized determinations. Such individualized determinations defeat the purposes of a collective action.

Finally, there is no evidence that any individual who settled their claims desire to join this action.

Unless the time frame is limited as specified below, individuals who have no claim outside the settlement period may join and/or individuals who have claims within the settlement period may attempt to assert claims within the settlement period.   Therefore the time frame for the second putative class should exclude the settlement period and be limited as follows:

> "three years from the date notice is issued to the beginning date of the settlement period as specified on each individual's WH-58, and from the ending date of the settlement period as specified on each individual's WH-58 to the date notice is issued."

Defendants request that the class be modified to exclude individuals who have no settled their claims (by either signing the WH-58 or not signing the WH-58 but cashing the check) and have no claim outside the settlement period.

**WHEREFORE, PREMISES CONSIDERED,** Defendants object to the Memorandum as specified above and request that the Court sustain their objections and deny Plaintiff's motion for conditional collective action certification. Alternatively, Defendants request that the Court limit the putative class as specified herein and grant such other and further relief as is just.

Respectfully submitted,

HOLLAND & HOLLAND, LLC
North Frost Center
1250 N.E. Loop 410, Suite 808
San Antonio, Texas   78209
Telephone:  (210) 824-8282
Facsimile:  (210) 824-8585


BY _____
Michael L. Holland
State Bar No. 09850750
mholland@hollandfirm.com
Inez M. McBride
State Bar No. 13331700
imcbride@hollandfirm.com
Attorneys for Defendants

– 10 –

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing instrument has been properly delivered pursuant to the *Federal Rules of Civil Procedure*, on the _22_ day of _December_, 2015, to the following counsel of record:

> Carlos A. Solis
> Attorney at Law
> 310 S. St. Mary's St., Suite 2900
> San Antonio, Texas 78205

_____

Michael L. Holland
Inez McBride