UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
FEB 2 9 2016
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

| | |
|---|---|
| Peter Keppard, Jr., Trinidad Avila, Alonso Robles, Guillermo Trevino, Humberto Castillo, Hector A. Vallejo, Miguel Barrientos, Abdel Perez Marti, Jose Diaz, Adriel Cantu, Alfredo La Rosa, Angel Torres, Jose R. San Miguel Jr., and Antonio Valdez, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>C.C. Forbes, LLC, Forbes Energy Services, LTD, and Forbes Energy Services, LLC,<br><br>*Defendants*. | Civil No. 5:15-ca-625-OLG |

## ORDER ACCEPTING RECOMMENDATION

Pending before the Court is Plaintiff's Opposed Motion for Conditional Certification and for Notice to Putative Class Members (docket no. 30). The Court has reviewed this motion, together with the response thereto, Defendant's related Motion to Strike Evidence and Objections (docket nos. 35, 36), the response and reply thereto (docket nos. 41, 44, 45), the Memorandum and Recommendation of Magistrate Judge John W. Primomo (docket no. 46), and the objections, response, and reply thereto (docket nos. 47, 48, 49). Having reviewed the parties' arguments and the evidence submitted in support thereof, in light of the applicable law, the Court hereby ADOPTS the Recommendations of Magistrate Judge Primomo as set forth in his Memorandum and Recommendation (docket no. 46).

## Background

Plaintiffs allege that they are current and former employees of C.C. Forbes, LLC, Forbes Energy Services, LTD, and Forbes Energy Services, LLC. Plaintiffs further allege that they were employed as manual laborers and that they were denied overtime pay in violation of the Fair Labor Standards Act (FLSA). Specifically, Plaintiffs allege that Defendants paid them an hourly rate for all hours worked, paid them a daily "bonus," and provided them with lodging as compensation for their work, but improperly excluded the daily bonuses and the fair market value of the lodging from their calculation of the Plaintiff's "regular rate of pay," upon which the calculation of their overtime pay was based.

## Legal Standards and Analysis

This Court evaluates whether to certify a collective action under 29 U.S.C. § 216(b) by applying the two-stage test explained at length in *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). Under that test, the court assesses whether the potential class plaintiffs are similarly situated, within the meaning of 29 U.S.C. § 216(b), at two junctures:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage,

> the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives—i.e. the original plaintiffs—proceed to trial on their individual claims.

*Mooney*, 54 F.3d at 1213-14; *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987); *Vallejo v. Ne. I.S.D.*, No. SA-12-CV-270-XR, 2012 WL 5183581, at *1 (W.D. Tex. Oct. 17, 2012).

Once a case has been referred to a magistrate judge for pre-trial matters, the Court will undertake a *de novo* review of any of the magistrate's objected-to recommendations as to dispositive matters, and will reconsider the magistrate's recommendations as to non-dispositive matters—such as determinations on motions for conditional certification of collective actions— to the extent that the recommendations are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995); *Vargas v. HEB Grocery Co., LP*, No. SA-12-CV-116-XR, 2012 WL 4098996, at *2 (W.D. Tex. Sept. 17, 2012) ("Motions for conditional certification of collective actions are nondispositive pretrial matters.").

In support of their motion for conditional certification, Plaintiffs submitted a number of exhibits to which Defendants objected and moved to strike. A handful of those objections are preserved as objections to Magistrate Judge Primomo's recommended decisions on those evidentiary issues. These remaining evidentiary objections center around three of Plaintiffs' exhibits: the declarations of Plaintiffs Peter Keppard, Guillermo Trevino, and Trinidad Avila (docket nos. 30-1, 30-3, 30-4). First, Defendants object to "declarants' claim that they were employed by 'Forbes Energy'" on the grounds that this statement is conclusory, lacks a proper foundation, and is hearsay, arguing that "declarants were only employed by the Coiled Tubing Division of C.C. Forbes, LLC." Defendants also object to "declarants' references to 'man

camps[,]'" arguing that these references are vague, lack foundation, and fail to provide a relevant time frame. Finally, Defendants object to declarants' references to being engaged in "similar job duties," "subjected to the same time and payroll system," "similar pay practices," and "talking to fellow employees," and that "we were all subjected to the same or similar pay practices." Defendants argue that these assertions are unsupported by evidence because there is no evidence that the declarants actually spoke with potential class plaintiffs employed in other divisions of the Defendant companies.

Additionally, Defendants object to Magistrate Judge Primomo's finding of joint employment, and objects to the Magistrate Judge referring to the Defendants, jointly, as "Forbes Energy," arguing that Plaintiffs' evidence that they were paid by C.C. Forbes compels a finding that the parent companies Forbes Energy Services LTD and Forbes Energy Services LLC were not a "single employer" with C.C. Forbes because "the corporate parent[s] [are not] final decision-maker[s] in connection with the employment matters underlying the litigation[.]" *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 777 (5th Cir. 1997).

Defendants also make a number of objections to the scope of the prospective class. Defendants object to the inclusion of employees of the Well Servicing segment or other divisions of the Defendant companies in the class, arguing that Magistrate Judge Primomo erred in finding that those employees were engaged in "similar job duties" and subjected to the "same time and payroll system" as the Plaintiff employees of the Coiled Tubing Division. Defendants also contend that Magistrate Judge Primomo erred in declining to limit the class to employees who received bonuses; setting a time frame that reaches to July 29, 2012; and allowing the class to potentially include plaintiffs who settled their claims but did not sign Form WH-58 receipts for payment of back wages.

Judge Primomo's evidentiary rulings and factual findings were not clearly erroneous or contrary to law, particularly in light of the relaxed evidentiary standards that apply at the notice stage. As Plaintiffs point out, "[i]t is not appropriate at [the notice stage] to require the plaintiffs to present evidence that would be required to survive a motion for summary judgment." *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 802 (S.D. Tex. 2010). This relaxed evidentiary burden flows from the curtailed record upon which the notice stage determination must be made; accordingly "most district courts agree that affidavits submitted at the notice stage of class certification need not be in a form admissible at trial." *Pacheco v. Aldeeb*, No. 5:14-cv-121, 2015 WL 1509570, at *4 (W.D. Tex. Mar. 31, 2015). In light of this relaxed evidentiary standard, as well as the necessarily curtailed record at this stage, the Court cannot conclude that Magistrate Judge Primomo clearly erred, or ruled contrary to law, in rejecting Plaintiff's evidentiary objections. *Cf. Rousseau v. Frederick's Bistro, LTD*, No. CIVA SA-09-CV-651-XR, 2010 WL 1425599, at *2 (W.D. Tex. Apr. 7, 2010) ('The Plaintiffs have provided pleadings, sworn testimony, spreadsheets, and further documentation in support of their allegations").

Defendants' arguments that Plaintiffs have failed to meet their notice-stage burden of showing that Defendants operated a joint enterprise with which Plaintiffs were jointly employed are similarly meritless, given that in circumstances such as those that Defendant alleges exist in this case, "courts have reserved consideration of whether the separate employers are joint employers for a final, stage two determination." *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 806 (S.D. Tex. 2010). Furthermore, Plaintiffs have submitted evidence regarding the organizational structure of C.C. Forbes, Forbes Energy Services LTD, and Forbes Energy Services LLC—most notably federal and state regulatory filings and screen captures of the Forbes Energy Services website, which plainly states of Forbes Energy Services that "we are an

independent oilfield services contractor" that "do[es] well servicing and fluid logistics through our three divisions—CC Forbes, LLC, Tx Energy Services, LLC, and Superior Tubing Testers LLC." Docket no. 30-9.[1]

Finally, the Court turns to Defendants' objections about the scope of the potential classes described in Magistrate Judge Primomo's recommendation, specifically that it sweeps too broadly because it potentially could encompass plaintiffs with only claims that are entirely time-barred, or plaintiffs who have entirely settled all of their potential claims, either because they did not sign WH-58 forms but nonetheless cashed the accompanying settlement check, or because they did sign WH-58 forms and were not otherwise employed with Defendants outside the period covered by that settlement. These objections do not warrant deviating from Magistrate Judge Primomo's recommendations. The interests of minimizing the inclusion of non-viable claims in the prospective class are adequately served by Magistrate Judge Primomo's addition of notice language to the effect that a recipient of the notice should do nothing if they are not owed additional wages. It was not erroneous—and certainly was not clearly erroneous, or contrary to law—for Magistrate Judge Primomo to decline to go further. The existing notice, as modified by Magistrate Judge Primomo, appropriately serves the Court's interests in judicial economy by anticipating and minimizing objections about the manner in which consents were obtained; the Court need not go further to guard against more remote hypothetical disputes about inappropriate potential class members. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171-72 (1989) (describing the trial court's discretion to intervene in the notice process for Section 216(b) collective actions). Any remaining disputes that may arise regarding the extent of settlement of claims, the application of the statute of limitations against potential plaintiffs, and any tolling of

---

[1] Another page on the same website clarifies that "Forbes Energy" refers to "Forbes Energy Services, Ltd." Docket no. 30-6.

the limitations period[2] would be best resolved when the Court has the benefit of a more fully developed record, as well as briefing and arguments specific to a fully formed, concrete dispute, rather than a mere hypothetical.

### Conclusion

Accordingly, it is ORDERED that the United States Magistrate Judge's Memorandum and Recommendation (docket no. 46) is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1). For the reasons set forth herein and in the Magistrate Judge's Recommendation, Plaintiffs' Opposed Motion for Conditional Certification and for Notice to Putative Class Members (docket no. 30) is hereby GRANTED as modified in the manner set forth in the Magistrate Judge's Recommendation.

IT IS SO ORDERED.

SIGNED this 29 day of February, 2016.

Orlando L. Garcia
United States District Judge

---

[2] *See, e.g., Israel Antonio-Morales v. Bimbo's Best Produce, Inc.*, 2009 WL 1591172, at *1 (E.D. La. Apr. 20, 2009) ("Courts routinely grant equitable tolling in the FLSA collective action context to avoid prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of collective actions under 29 U.S.C. § 216(b). (collecting cases)); *Barrett v. Forest Labs., Inc.*, No. 12-cv-5224 RA, 2015 WL 4111827, at *2 (S.D.N.Y. July 8, 2015).